EDDIE FORD *v.* COMMISSIONER OF CORRECTION
(AC 18737)

Foti, Hennessy and Zarella, Js.

---

824

Submitted on briefs June 2—officially released September 12, 2000

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Mary Elizabeth Baran*, senior assistant state's attorney, and *Ellen A. Jawitz*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

HENNESSY, J. This is an appeal from the judgment dismissing the petition for a writ of habeas corpus filed by the petitioner, Eddie Ford. The petitioner claims that the habeas court improperly dismissed his petition for a writ of habeas corpus because the petitioner already had served his sentence. We affirm the judgment of the habeas court.

The following facts are relevant for our resolution of this appeal. On October 16, 1992, the petitioner, con-

victed of the crimes of robbery in the first degree, robbery in the second degree and tampering with a witness, received a total effective sentence of twenty-five years, execution suspended after twenty-one years. The petitioner subsequently pleaded guilty in a second criminal case to burglary in the third degree and, on November 12, 1992, was sentenced to a term of three years imprisonment on the burglary conviction, to run concurrently with the sentence imposed for the robbery conviction.

On February 18, 1997, after he had finished serving his three year sentence for the burglary conviction, the petitioner filed a two count petition for a writ of habeas corpus based on the robbery and burglary convictions. The habeas court struck the second count of the petition concerning the robbery conviction on grounds not related to this appeal.

On June 15, 1998, the respondent, the commissioner of correction, moved to dismiss the amended one count petition involving the burglary conviction on the ground that the petitioner already had served his sentence for the burglary conviction, and therefore the claim was moot.[1] Relying on the United States Supreme Court's decision in *Maleng* v. *Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), the habeas court found that the petitioner was not in custody for the burglary conviction at the time he filed his petition and, therefore, dismissed the petition. The habeas court granted the petitioner's application for certification to appeal the dismissal of the petition, and this appeal followed.

The issue presented to this court requires us to determine whether the petitioner was in custody, thereby

---

[1] It is clear from the transcript of the hearing on the motion to dismiss and from the ruling of the habeas court that the issue under consideration was whether the petitioner met the "in custody" requirement for maintaining a habeas corpus action. Both the mootness doctrine and the "in custody" requirement implicate the court's subject matter jurisdiction.

giving the habeas court subject matter jurisdiction to hear the habeas petition. "A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." *Vincenzo* v. *Warden*, 26 Conn. App. 132, 134–35, 599 A.2d 31 (1991). "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented." (Internal quotation marks omitted.) Id., 135.

"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137–38. The federal habeas statute[2] gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) *Maleng* v. *Cook*, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. *Vincenzo* v. *Warden*, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466,[3] a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also *Tracy* v. *Johnson*, 156 Conn.

---

[2] 28 U.S.C. § 2241 et seq.

[3] General Statutes § 52-466 (a) provides: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty, provided any application made by or on behalf of a person confined in the Connecticut Correctional Institution, Enfield-Medium or the Carl Robinson Correctional Institution, Enfield, shall be made to the superior court or a judge thereof for the judicial district of Tolland."

630, 631, 239 A.2d 477 (1968) (" '[i]t is a condition upon
. . . [the] Court's jurisdiction to adjudicate an applica-
tion for habeas corpus that the petitioner be in custody
when that jurisdiction can become effective' ").

The United States Supreme Court's decision in
*Maleng* v. *Cook,* supra, 490 U.S. 488, is dispositive of
this case. In *Maleng,* the habeas petitioner, Cook, was
convicted of robbery in 1958 and sentenced to twenty
years imprisonment. Id., 489. While on parole from that
sentence, he was convicted of assault and of aiding a
prisoner to escape, and he was sentenced by the state
of Washington in connection with those convictions in
1978. Id. At about the same time, Cook was convicted
in federal court of robbery and conspiracy. He was to
serve his 1978 state court sentences after completing
his federal term of imprisonment. Id.

In 1985, while serving his federal term, Cook filed a
petition for federal habeas corpus relief in which he
attacked his 1958 state conviction and also alleged that
the 1958 conviction was used illegally to enhance his
1978 state sentences, which he had not yet begun to
serve. Id., 490. The United States Supreme Court con-
cluded that Cook was not "in custody" under the 1958
sentence and therefore could not directly challenge the
conviction underlying that sentence. Id. In reaching this
conclusion, the court stated that it had "never held . . .
that a habeas petitioner may be 'in custody' under a
conviction when the sentence imposed for that convic-
tion has fully expired at the time his petition is filed."
Id., 491. Moreover, the court held that the potential use
of the conviction to enhance a sentence for subsequent
offenses did not suffice to render a person "in custody"
within the meaning of the habeas statute. Id., 492.

We conclude that *Maleng* is applicable to the present
case because the court in *Maleng* established that if
the petitioner suffers no present restraint from the con-

viction being challenged, a habeas petition cannot lie. With regard to the burglary conviction in the present case, the petitioner was sentenced on November 12, 1992, to a term of three years to be served concurrently with his robbery conviction. The burglary sentence was completed on November 12, 1995, prior to the petitioner's filing of his petition for habeas corpus. Because the petitioner's burglary sentence has expired, he is not in custody on the burglary sentence.

The petitioner cites *Garlotte* v. *Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), for the proposition that a prisoner serving consecutive sentences is "in custody" under any one of the sentences for purposes of the habeas statute. In *Garlotte*, the petitioner was ordered to serve, consecutively, a three year prison sentence on a marijuana conviction and then concurrent life sentences on two murder convictions. Id., 41–42. He filed a habeas petition pertaining to the marijuana conviction after he had completed serving the three year sentence connected with that offense. Id., 42. The United States Supreme Court held that invalidation of the Garlotte's marijuana conviction would advance the date of his eligibility for release from his present incarceration. Id., 47. Garlotte's challenge, which would have shortened his term of incarceration if he had proved the unconstitutionality of his detention, implicated the core purpose of habeas review. Id. Accordingly, the court held that Garlotte was "in custody" under his marijuana conviction when he filed his habeas petition. Id.

In the present case, the sentences were to be served *concurrently* rather than consecutively. Therein lies the fundamental difference between this case and *Garlotte*. The *Garlotte* court was concerned that if it held that a prisoner could not challenge a consecutive term that already had been served, but that a prisoner could challenge an unserved consecutive term; see *Peyton* v.

*Rowe*, 391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968); then the question of whether a prisoner serving consecutive sentences had met the "in custody" requirement would turn on the arbitrary decision of a trial court to have one consecutive sentence run before another. See *Garlotte* v. *Fordice*, supra, 515 U.S. 45–46. The concern expressed by the court in *Garlotte* does not arise in cases such as this one where the petitioner is serving concurrent sentences because concurrent sentences automatically begin to run at the same time. See General Statutes § 53a-38 (b) ("definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced").

The petitioner also cites General Statutes §§ 18-7 and 53a-38 for the proposition that the burglary sentence and the robbery sentence constitute "a continuous stream of incarceration entitling him to petition for habeas corpus relief."

Section 18-7 provides in relevant part: "When any prisoner is held under more than one conviction, the several terms of imprisonment thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn under the provisions of this section. . . ." The petitioner relies on the "continuous term" language contained in § 18-7 to support his position on the "in custody" requirement in habeas corpus matters. Section 18-7, however, serves only as an aid for computing good conduct credit for prisoners serving more than one sentence. Moreover, the statute also applies only to "[a]ny prisoner sentenced to a term of imprisonment prior to October 1, 1976 . . . ." The petitioner was sentenced on October 16, 1992, and on November 12, 1992, and, therefore, the statute is inapplicable.

The petitioner also claims that § 53a-38 (b) supports his position. Section 53a-38 (b) provides in relevant

part: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run . . . ." The petitioner claims that the three year sentence merged by its own terms into the twenty-one year sentence, thereby yielding a continuous stream of incarceration entitling him to petition for habeas corpus relief.

Section 53a-38 (b) does not support the petitioner's argument. The statute provides that a person serving concurrent sentences may not be released from prison until the longer of the sentences has been completed. It does not apply to the "in custody" definition in habeas corpus matters. Accordingly, we conclude that the petitioner was not "in custody" for purposes of challenging his burglary conviction at the time the petition was filed, and the habeas court properly found that it did not have subject matter jurisdiction to hear the case.

The judgment is affirmed.

In this opinion the other judges concurred.