[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 9, 1987, in the Superior Court, GA 12, Manchester, Connecticut, the above named petitioner entered pleas of guilty to the crimes of Sexual Assault in the Forth Degree and Indecent Exposure for which he was sentenced to serve a total effective sentence of six months in the custody of the Commissioner of Correction. The petitioner subsequently completed the six month sentence and was discharged from custody.
On January 12, 1999, the petitioner filed a petition for a writ of habeas corpus alleging that his convictions in 1987 were illegal in that he was not afforded the effective assistance of counsel at the time he entered his pleas. The petitioner seeks to be allowed to withdraw his guilty pleas and be granted a new trial.
On March 18, 1999, an appearance was filed on behalf of the petitioner by the Office of the Chief Public Defender, and on September 22, 1999, a special public defender was authorized to represent the petitioner. Attorney Joseph Visone filed an appearance as a special public defender on October 8, 1999.
On October 19, 2000, Attorney Visone filed a Motion to Withdraw From Representation alleging that "the petition for a habeas corpus is meritless." In support of his motion, counsel states that not only is the petitioner no in custody for the conviction for which he seeks habeas corpus relief, but that the petitioner does not know the name of the attorney who represented him at the time of sentencing, he does not know the name of the judge who sentenced him. Additionally, Attorney Visone asserts that the records from 1987 have been purged and he is unable to obtain a copy of petitioners' plea or a transcript of the proceedings. Counsel does not believe that the petitioner can prove his claim and that CT Page 13696 the court cannot provide any practical relief to the petitioner.
The court has reviewed the file in this case and finds that at the time he filed the petition for writ of habeas corpus, the petitioner was not in custody for the offense which is the subject of this habeas corpus petition. Payne was in the custody of the Commissioner of Corrections at the time, but not for the offense which is the subject of his habeas claim. He was and is serving a sentence for an entirely different offense. The concurrent six-month sentences imposed for the 1987 convictions of Sexual Assault in the fourth degree and Indecent Exposure was served and completed approximately ten years earlier.
The Connecticut Appellate Court recently held that pursuant to §52-466 (a): "A Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is "illegally confined or deprived of his liberty' under the challenged conviction." Ford v.Commissioner, 59 Conn. App. 823, 826 (2000). The court went on to state: "It is a condition upon the Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective." (Internal citations and quotation marks omitted) Id., 827. In Maleng v. Cook, 490 U.S. 488, 491,109 S.Ct. 1923, L.Ed.2d 540 (1989), the United States Supreme Court held that "a habeas petitioner [is not in custody] under a conviction when the sentence imposed has completely expired at the time his petition is filed. "[The] court in Maleng established that if the petitioner suffers no present restraint from the conviction being challenged, a habeas corpus petition cannot lie." Ford v. Commissioner. Id., 827-828.
In the instant case, Mr. Payne was not in custody for the conviction which is the subject of this habeas claim at the time he filed the habeas corpus petition. Accordingly, this court lacks subject matter jurisdiction to adjudicate his habeas claim relating to the 1987 convictions and can provide no relief to the petitioner. Counsel's motion to withdraw from the case is granted and this court, pursuant to Practice Book § 23-29(1), dismisses the petition for the reasons stated herein, sua sponte.
Terence A. Sullivan, J. Superior Court Judge