[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS
 I FACTS
On October 8, 1998, the petitioner, Nathaniel Edmonds, a Connecticut inmate, received a disciplinary report for Security Risk Group Affiliation (SRGA), pursuant to Department of Correction Administrative Directive 9.5 and subsection 12.U of the Code of Penal Discipline. Specifically, the petitioner was charged with being in the area of a grouping of gang members on September 25 and 27, 1998, thereby making himself available to participate in any physical altercation that might ensue between rival gangs.
On October 14, 1998, the petitioner received notification that a SRGA CT Page 3132-z hearing was to be held on October 16, 1998, based on the information obtained from an internal investigation and confidential informants. On October 16, 1998, a disciplinary hearing was conducted with Lieutenant Emmanuel serving as the hearing officer. Lieutenant Emmanuel allowed the petitioner to testify and reviewed the charges and evidence against the petitioner before making his decision. He rejected, however, the petitioner's request to enter certain documents into evidence to refute the claims contained in the disciplinary investigation report, believing that there was sufficient evidence for his findings. Lieutenant Emmanuel proceeded to find the petitioner guilty of the stated violations and imposed sanctions of ninety days loss of good time, sixty days loss of visits, thirty days confinement to quarters and fifteen days of punitive segregation with time served.
On October 16, 1998, the same day as the disciplinary hearing, the petitioner appealed the decision of the hearing officer to the warden claiming that he was not allowed the opportunity to present witnesses or evidence to prove his innocence. On November 12, 1998, the petitioner's appeal was denied.
On May 26, 1999, the petitioner, pro se, filed a petition for writ of habeas corpus with the Superior Court in Danbury alleging, inter alia, that the disciplinary hearing held on October 16, 1998, in which he was found guilty of SRGA, violated substantive principles of due process. On February 16, 2000, the respondent, John J. Armstrong, Commissioner of the Connecticut Department of Correction, filed a return to the petitioner and two special defenses. In his first special defense, the respondent alleges that the petitioner received all required due process at the disciplinary hearing. In his second special defense, the respondent alleges that any claims of the petitioner which do not pertain to the loss of good time are moot since the petitioner has not been incarcerated at the MacDougall Correctional Institution since October 21, 1998.
On March 29, 2000, the petitioner filed an amended petition alleging, inter alia, that since the filing of the original writ of habeas corpus, the Department of Correction has transferred him from one correctional institution to another, thus interfering with his ability to complete the recommended programs for renunciation as a so-called security risk group member.
On October 10, 2000, the respondent filed an amended return and three special defenses.[1] In his third special defense, the respondent alleges that any claims concerning the petitioner's designation as a security risk group safety threat member are not cognizable in a habeas CT Page 3132-aa corpus forum because such concerns deal with a classification rather than a protected liberty interest.
 II DISCUSSION
A writ of"[h]abeas corpus provides a special and extraordinary legal remedy. . . ." (Internal quotation marks omitted.) Valle v. Commissionerof Correction, 244 Conn. 634, 636, 711 A.2d 722 (1998). In order to invoke the trial court's habeas jurisdiction, therefore, a petitioner must allege that he is "illegally confined or has been deprived of his liberty." (Internal quotation marks omitted.) Ford v. Commissioner ofCorrection, 59 Conn. App. 823, 826, 758 A.2d 853 (2000).
The petitioner claims that he was deprived of due process of law in that the hearing officer's notice of decision was inadequate, he was denied the right to introduce into evidence the testimony of witnesses favorable to his claim of innocence and he was denied the right to review and introduce into evidence the videotape of a camera allegedly situated in the area of the alleged incident.
The decisional context of Carrasquillo v. Warden, Superior Court, judicial district of Danbury, Docket No. 331266 (February 25, 2000,Resha, J.) addressed a claim not unlike the petitioner's.
In Carrasquillo, the petitioner received a disciplinary report for SRGA. Carrasquillo v. Warden, supra, Superior Court, Docket No. 331266. Specifically, the petitioner was charged with shaking hands with another inmate in a certain manner characteristic to only gang members. Id. An investigation was conducted and a disciplinary hearing was held with a hearing officer. Id. The hearing officer allowed the petitioner to testify, read the statements of two inmate witnesses and reviewed the disciplinary report, investigation report and advocate report before making his decision. Id. He rejected, however, the petitioner's claim to review a videotape of the alleged incident, believing there was sufficient evidence for his findings. Id. The petitioner was found guilty of the stated violation and sanctioned accordingly. Id.
The essence of the petitioner's claim in Carrasquillo, which is the same as the petitioner's claim in the present case, was that he was deprived of due process of law by the fact that the hearing officer denied him the right to review and introduce into evidence certain documents refuting the evidence against him, including, but not limited to, the videotape of a camera situated in the area of the alleged incident. Carrasguillo v. Warden, supra, Superior Court, Docket No. CT Page 3132-ab 331266.
Two decisions of the United States Supreme Court, Wolff v. McDonnell,418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Superintendentv. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), provide the proper standard of review in prison disciplinary hearings. The court,Resha, J., in Carrasguillo, stated, and is restated here, that "[t]he first [case], Wolff v. McDonnell . . . holds that minimal due process must be provided when an inmate is given a disciplinary report. This includes notice of the charges against him, a written statement as to the evidence relied on and the reasons for the disciplinary action and an opportunity to present witnesses and evidence in his defense." (Citation omitted.) Id. "The second [case], Superintendent v. Hill . . . holds that due process is satisfied if some evidence supports the decision to revoke good time credits. . . . Such a standard limits court review in the vast majority of disciplinary hearings so long as any evidence in the record supports the disciplinary board's decision." (Citations omitted; internal quotation marks omitted.) Id.
The specific holdings of Superintendent v. Hill, supra, 472 U.S. 445, which states in relevant part that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board. . . . We decline [however] to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. . . . The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." (Citations omitted; internal quotation marks omitted; emphasis added.) Carrasquillo v. Warden, supra, Superior Court, Docket No. 331266.
Turning to the facts of the present case, this court concludes that the petitioner had adequate notice of the charges against him as evidenced by his signature on the security risk group membership hearing notification form provided to him prior to the disciplinary hearing held on October 16, 1998. The petitioner was provided with a disciplinary hearing before a hearing officer prior to any sanctions being imposed against him. The petitioner was provided with an advocate who attended the disciplinary hearing and the petitioner was allowed to testify on his own behalf. The hearing officer read the statements of the inmate witnesses and reviewed the disciplinary report, the investigative report and advocate's report before making his decision. The officer rejected the claim of the CT Page 3132-ac petitioner to review the video tape, believing there was sufficient independent evidence for his findings. This court concludes that the disciplinary hearing met the requirements of minimal due process.[2]
With regard to the petitioner's claims concerning loss of statutory good time due to his confinement in a specialized housing unit, this court concludes that the petitioner's claims are barred by the holding inWheway v. Warden, 215 Conn. 418, 576 A.2d 494 (1990). Our Supreme Court held, inter alia, that "[p]rison classification . . . programs . . . do not create a statutory or constitutional entitlement sufficient to invoke due process." Wheway v. Warden, supra, 431. "In order for [the petitioner's] conditions of confinement to qualify as a constitutionally protected liberty, the interest must be one that is assured by either statute, judicial decree or regulation." (Internal quotation marks omitted.) Id., 432. The petitioner cannot show that his conditions of confinement qualify as a constitutionally protected liberty interest in the present case because it is not assured by either statute, judicial decree or regulation. This court concludes, therefore, that the petitioner's classification as a security risk group member, his confinement to a specialized housing unit and his subsequent loss of statutory good time do not impact any of his constitutionally protected liberty interests.
 III CONCLUSION
For the foregoing reasons, the amended petition for writ of habeas corpus is dismissed.
Holden, J.