[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (MOTION NO. 107)
On April 27, 1978, the petitioner, Jose A. Zayas, entered pleas of guilty to three counts of the sale of heroin in violation of General Statutes § 19-480 (a) [now 21a-278] and one count of possession of heroin in violation of General Statutes § 19-481 (a) [now 21a-279
(a)] before Quinn, J., in this judicial district. On May 26, 1978, the court sentenced the petitioner to five to seven years suspended; probation and conditions were set by the court. Subsequently, the petitioner was incarcerated as a result of a 1990 conviction in the United States District Court for the District of Connecticut. That sentence was enhanced under federal law because of the just referenced state conviction. The petitioner had fully served the state imposed sentence by April 8, 1981 — prior to his federal court conviction.
On May 6, 1996 (while serving his federal sentence), Zayas filed a petition for a writ of habeas corpus. In Count One of his Second Amended Petition,[1] the petitioner argues that the state court improperly accepted his guilty pleas and, thus, the convictions and sentence imposed by that court violated his rights under the fifth, sixth, andfourteenth
amendments of the United States Constitution and the Constitution of Connecticut, article first, §§ 8 and 9. In Count Two, he alleges his trial counsel's acts and omissions denied him effective assistance of counsel in violation of the sixth amendment to the United States Constitution and the Constitution of Connecticut, article first, § CT Page 3686 8. In his prayer for relief, the petitioner requests that he be permitted to withdraw his pleas of guilty and he asks for other relief. In its amended return of July 3, 1998, the respondent denies the material allegations of both counts and alleges the petitioner procedurally defaulted by failing to withdraw his guilty pleas and failing to appeal the very convictions here challenged. Additionally, it asserts as a special defense that the sixteen year delay in filing this petition is the inexcusable fault of the petitioner, that the delay has prejudiced the respondent, and that the claim is barred by laches. On April 14, 1998, the respondent filed the instant motion to dismiss (no. 107) and a supporting memorandum of law.[2] Petitioner timely filed an opposing memorandum and oral argument was heard on January 25, 2002, at which time the petitioner appeared with counsel.
"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. (Internal quotation marks omitted.) Ford v. Commissioner of Correction, 59 Conn. App. 823, 826
(2000). "Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. . . . The federal habeas statute gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. . . . The history of Connecticut's habeas corpus jurisprudence is wholly in accord with federal habeas corpus jurisprudence. . . . Thus, pursuant to General Statutes § 52-466, a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is illegally confined or deprived of his liberty under the challenged conviction. . . ." (Citations omitted; internal quotation marks omitted.) Id., at 826. General Statute §52-466 (a) states in relevant part: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question isclaimed to be illegally confined or deprived of his liberty. . . ." (Emphasis added.)
The respondent's argument is that, pursuant to Practice Book § 529 (now § 23-29), the court lacks subject matter jurisdiction because the petitioner had served the state court sentence before bringing the instant petition and he was, therefore, then not illegally detained as a result of the same. The respondent also argues that, to the extent the petition is an attack on the federal sentence the petitioner was serving when the petition was filed, this court is without the power to grant the relief sought because that sentence was imposed by a federal court. At argument, the petitioner's response was that he is, though no longer incarcerated as a result of the federal conviction, still being deprived CT Page 3687 of his liberty as a result of probation conditions imposed under the federal sentence, which sentence was enhanced because of the state court convictions. He asks that his state court convictions be vacated.
The respondent correctly cites Malenci v. Cook, 490 U.S. 488 (1989), for the proposition that the petitioner must be in custody pursuant to the conviction he or she is challenging in order to have standing to file an application for a writ of habeas corpus. In that case, the petitioner was convicted and sentenced to twenty years imprisonment in 1958 for crimes he committed under Washington state law. The petitioner was subsequently released on parole. In 1976, while on parole under the state imposed sentence, he was again convicted for crimes under Washington state law and was also convicted for violating federal law. He was sentenced in 1978 for the state convictions. Because he was then federally imprisoned, Washington authorities placed a detainer on him so that he could begin serving his state sentence when the federal term expired. As is true in this case, the 1958 state convictions were used to enhance his 1978 state sentence. In 1985, he was still a federal prisoner; his 1958 state sentence had expired. In that year, he filed an application for a writ of habeas corpus in federal district court; he contested the validity of his 1958 state conviction and alleged that conviction had been used illegally to enhance his 1978 state sentence. The District Court dismissed the petitioner's application for lack of subject matter jurisdiction and held the petitioner was not "in custody" for the purposes of a habeas attack on the 1958 conviction because the sentence imposed for that conviction had already expired. The United States Court of Appeals for the Ninth Circuit revcersed, holding the petitioner was still "in custody" under the 1958 conviction, even though the sentence imposed for that conviction had expired, because it had been used to enhance the sentences imposed in 1978 for his 1976 state convictions — which he had yet to serve. The United States Supreme Court granted certiorari to review this interpretation of the "in custody" requirement.
The Supreme Court affirmed the Court of Appeals' finding the "in custody" requirement was satisfied because he was subject to a detainer Washington had placed with the federal authorities to ensure that, once his federal sentence was concluded, he would be returned to the state of Washington to begin serving his 1978 state convictions.[3]490 U.S. at 493. Relevant to the instant case, however, is the Court's finding the federal habeas statute confers jurisdiction to entertain petitions such as this petitioner's application for relief only with regard to persons "who are in custody. . . ." (Citations omitted.) Id., at 490. "We have interpreted the statutory language as requiring that the habeas petitioner be "in custody' under the conviction or sentence under attack at the time his petition is filed."[4] Id., at 490-91. It went on to CT Page 3688 make clear "physical" confinement was not necessary to a finding of custody and that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence. Id., at 491. "We have never held, however, that a habeas petitioner may be "in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Id.
These holdings are dispositive of the issue whether this court has subject matter jurisdiction. While the petitioner argues he is currently on parole and his liberty is therefore circumscribed by conditions of probation, that period of probation was not imposed for reason of the convictions he here challenges. The petitioner here challenges his 1978 convictions in state court. When he filed for application for habeas relief, he had fully served his sentences for those convictions. Under no interpretation of the "in custody" requirement can it be said he was, at the time of filing (May 6, 1996), then being deprived of his liberty because of the 1978 state sentencing. Because his federal conviction did not occur until 1990, when his state sentence had already been served, and because he was not delivered from state authorities to federal authorities when he completed his state term of imprisonment, Maleng,
supra, is factually distinguishable from the case before the court. That is true also of the cases cited by the petitioner in his brief. In Barlowv. Lopes, 201 Conn. 103 (1986), although the petitioner had been discharged from his state sentence before the denial of his habeas petition, he was in fact in custody at the time he filed his petition.201 Conn. 105, n. 2. In Abed v. Commissioner of Corrections,43 Conn. App. 176, cert. denied, 239 Conn. 937 (1996), the petitioner was also currently serving his sentence when his application was filed. Id., at 178.
It ineluctably follows that, if this court lacks subject matter jurisdiction as is here concluded, the court is without power to grant the relief the petitioner requests nor does the petitioner cite any authority for his position to the contrary.
Because the petitioner is no longer in custody for the 1978 convictions he here challenges, he is not presently being deprived of any liberty interest for reason of those convictions. There is no subject matter jurisdiction and the respondent's motion to dismiss is granted.
B.J. SHEEDY, JUDGE