[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner filed a pro se petition for a writ of habeas corpus on April 6, 1999, said petition being amended on April 23, 2001. The Amended Petition alleges that the petitioner would not have pleaded guilty to sexual assault charges in 1989 if he had known of his future obligation to register as a sex offender. More specifically, the petitioner alleges that his trial attorney was ineffective for allowing him to plead guilty to a charge of Sexual Assault in the Third Degree in violation of General Statutes § 53a-72a before informing the petitioner of his future obligation to register as a sex offender. Am. Pet, at 2. The petitioner seeks to be allowed to withdraw his guilty plea and either be granted a new trial or be released from his obligation to register as a sexual offender.
The parties have agreed to stipulate to the relevant facts and have the court decide the matter based on the stipulation and the parties' legal briefs. The respondent has raised two special defenses, namely that: 1) the petitioner's claim is barred by principles of res judicata because the issues in this case have already been presented to a court and been ruled upon; and 2) this habeas Court does not have subject matter jurisdiction because the petitioner completely discharged from the sentence on or about 1991 and neither was on probation or parole at the time the pro se petition was filed. Ret., at 2-3.
As already indicated, the relevant facts are not in dispute. The petitioner, who was eighteen (18) years old at the time of the offense, was alleged to have sexually assaulted a thirteen (13) year old minor. Stip., at 6. On April 21, 1989, the petitioner pleaded guilty in docket number CR89-55288 (later denoted CR 14-360390) to the crime of Sexual Assault in the Third Degree in violation of General Statutes § 53a-72a.Id., at 1. The petitioner was sentenced on the same day to one (1) year, execution suspended, with three (3) years of probation. Id. On February 22, 1990, the petitioner was found to be in violation of probation and was sentenced to one (1) year to serve in the custody of the Commissioner of Correction. Id. The petitioner discharged from this sentence on December 20, 1990. Id. On March 2, 1994, the petitioner pleaded guilty in docket number CR93-0446047 to the charge of Possession of Narcotics in violation of General Statutes § 21a-279 (a) and was sentenced to six (6) years, execution suspended, with three (3) years of probation. Id., at 1-2. On May 26, 1994, the petitioner pleaded guilty in docket number CR94-0455723 to the charge of Possession of Narcotics with Intent to Sell in violation of General Statutes § 21a-277 and was sentenced to six (6) years, execution suspended, with three (3) years of probation. Id., CT Page 5447 at 2.
On March 4, 1996, the petitioner was convicted in docket number CR95-0480335 of the crime of Conspiracy to Possess Narcotics with Intent to Sell in violation of General Statutes § 21a-278 (b) and was sentenced to a term of incarceration of seven (7) years to serve. Id. On that same date, the petitioner also admitted violations of probation in docket numbers CR94-0455723 and CR93-044604. Id. His probation terms in both of these dockets were revoked and he was sentenced in each file to six (6) years to serve, to run concurrent with the sentence in docket CR95-0480335. Id. Prior to the petitioner's release, the Commissioner of Correction, pursuant to General Statutes § 54-256, required as a condition of the petitioner's release that, as a sexual offender, he complete the registration requirements of General Statutes § 54-252.Id. On April 6, 1999, the petitioner filed this habeas corpus action. On June 29, 1999, the petitioner registered as a sexual offender with the Department of Public Safety. Id., at 3.
The petitioner, with the assistance of his current habeas counsel, on March 31, 2000 filed in docket CR89-55288 (later denoted CR14-360390) a "Petition to be Released from the Obligation to Register as a Sexual Offender" with the trial court. Appendix to Pet'r Br. On May 3, 2000, the Court (Clifford, J.), without granting or denying the petitioner's request to be released from the obligation to register as a sexual offender, ordered pursuant to Public Act 99-183, Section 6, that access to the information be restricted to law enforcement purposes only and "to not make such information available for public access." (Emphasis in original.) Id. The petitioner did not appeal Judge Clifford's order. Stip., at 3.
On March 16, 2001, the petitioner was re-incarcerated for a violation of parole. Id., at 2. On June 5, 2001, the petitioner again registered as a sexual offender with the Department of Public Safety. Id. The petitioner was released on July 17, 2001 to supervised parole for the sentence imposed in docket CR95-0480335. Id. The petitioner is no longer on probation or parole for the sentence imposed in docket CR89-55288 (later denoted CR14-360390). Id.
Because the respondent has raised the special defense of subject matter jurisdiction, the Court must first address whether it in fact has subject matter jurisdiction. "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented." (Internal quotation marks omitted.) Vincenzo v. Warden,26 Conn. App. 132, 135, 599 A.2d 31 (1991). "[S]ubject matter jurisdiction cannot be created through consent or waiver." Id. "A court has subject matter jurisdiction if it has authority to hear a particular CT Page 5448 type of legal controversy. This jurisdiction relates to the court's competency to exercise power." Id., at 134-5; see also Ford v.Commissioner of Correction, 59 Conn. App. 823, 826, 758 A.2d 853 (2000). Pursuant to case law and General Statutes § 52-466, "a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is illegally confined or deprived of his liberty under the challenged conviction." (Internal quotation marks omitted.) Id. "Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." (Internal citations and quotations omitted.) Vincenzo v. Warden, supra,26 Conn. App. 135.
The petitioner argues that the habeas corpus petition is not moot because he was incarcerated at the time he filed the instant petition challenging the registration requirement, and that the registration requirement is a collateral consequence of his conviction. Pet'r Br., at 3. "[A] habeas petition is not rendered moot by the release of the petitioner from custody where the petition attacking the legality of the conviction was filed while the petitioner was still in custody." Smithv. Commissioner of Correction, 65 Conn. App. 172, 175, 82 A.2d 201
(2001), citing Barlow v. Lopes, 201 Conn. 103, 105 n. 2, 513 A.2d 132
(1986). While the term "in custody" is not limited to incarceration;Taylor v. Robinson, 196 Conn. 572, 577, 494 A.2d 1195 (1985), citingJones v. Cunningham, 371 U.S. 236, 238-42, 83 S.Ct. 373, 9 L.Ed.2d 285
(1963); a petitioner must suffer a present restraint from the conviction being challenged. Ford v. Commissioner of Correction, supra,59 Conn. App. 827-8, citing Maleng v. Cook, 490 U.S. 488, 491-2,109 S.Ct. 1923, 104 L.Ed.2d 540 (1988).
The registration requirements imposed by General Statutes § 54-102r
were held to be regulatory and not punitive in nature. State v. Kelly,256 Conn. 23, 94, 770 A.2d 908 (2001). General Statutes § 54-102r
was, however, repealed effective October 1, 1998, and the registration requirements of inmates being released into the community now is controlled by General Statutes § 54-256. In relevant part, General Statutes § 54-256 requires that: "Any court, the Commissioner of Correction or the Psychiatric Security Review Board, prior to releasing into the community any person convicted or found not guilty by reason of mental disease or defect of a criminal offense against a victim who is a minor, a nonviolent sexual offense, a sexually violent offense or a felony found by the sentencing court to have been committed for a sexual purpose, except a person being released unconditionally at the conclusionof such person's sentence or commitment, shall require as a condition of such release that such person complete the registration procedure established by the Commissioner of Public Safety under [section] 54-251[.]" (Emphasis added.) CT Page 5449
General Statutes § 54-251 (a) mandates in relevant part that: "Any person who has been convicted or found not guilty by reason of mental disease of defect of a criminal offense against a victim who is a minor or a nonviolent sexual offense, and is released into the community on or after October 1, 1998, shall, within three days following such release . . . register . . . with the Commissioner of Public Safety[.]" The petitioner in this case is a person who has been convicted of a criminal offense against a victim who is a minor, who was released into the community on or after October 1, 1998, and who was released to parole and thus was not unconditionally released at the conclusion of his sentence. Consequently, General Statutes §§ 54-256 and 54-251 (a), which are regulatory and non-punitive in nature, apply to the petitioner.
Based on the foregoing, this Court finds that at the time the petitioner filed the petition for writ of habeas corpus, he was not in custody for the offense which is the subject of this habeas corpus petition. The petitioner had discharged from the sentence and was not on probation or parole for the offense at the time he filed this petition. This Court is unaware of any case which supports the petitioner's argument that the collateral consequence of registering as a sexual offender, a requirement that has been held to be regulatory and non-punitive in nature, in the absence of a present restraint from the conviction being challenged, invokes a habeas court's competency to exercise power.
For all the foregoing reasons, this Court finds that it lacks subject matter jurisdiction over the habeas corpus petition. The petition, therefore, is dismissed.
BARRY, JUDGE TRIAL REFEREE