[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Petitioner brings this action by way of a Second Amended Petition. He asserts that he was convicted and sentenced on January 10, 1995 in the United States District Court, D. Maine, Case No. 2:93cr000077-001, pursuant to the provisions of the Armed Career Criminal Act,18 U.S.C. § 922 and 924. He further asserts that said conviction and sentence was based in part on an allegation that Petitioner had previously been convicted of the crime of burglary in "New Haven Superior Court in 1958."
The Petitioner was at the time of the filing of the instant Petition, and currently is, in the custody of the United States Bureau of Prisons.
The Petitioner asserts that he is entitled to habeas relief as to the conviction by the New Haven Court for reason that he was denied his state and federal constitutional rights to effective assistance of counsel due to his trial counsel actively represented competing interests.
The Respondent has moved to dismiss this matter for reason of lack of subject matter jurisdiction. For the purposes of the Motion to Dismiss, this Court will treat the facts as cited in the petition as admitted.
 Since the motion to dismiss filed by the [Respondent] "does not seek to introduce facts outside of the record . . . it . . . admits all well pleaded facts . . . (citations omitted)
 Witczak v. Gerald, 69 Conn. App. 106, 108 (2002).
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
The judicial authority may, at any time, upon its CT Page 12658 own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
(4) the claims asserted in the petition are moot or premature;
(5) any other legally sufficient ground for dismissal of the petition exists.
It is undisputed that at the commencement of the instant action, the Petitioner was not being held by a Connecticut penal facility or a Connecticut Official.
The crux of the Respondent's argument is that for the time period pertinent hereto, the petitioner is not "in custody" pursuant to §52-466 of the Connecticut General Statutes. This section concerns applications for a writ of habeas corpus. It provides in pertinent part that:
(a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty . . .
(b) The application shall be verified by the affidavit of the applicant for the writ alleging that he truly believes that the person on whose account the writ is sought is illegally confined or deprived of his liberty.
The Respondent cites two cases to support its position that this Court does not have subject matter jurisdiction. The first of which is Ford v.CT Page 12659Commr. of Correction, 59 Conn. App. 823 (2000). In Ford, Id., our Appellate Court held that:
"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137-38. The federal habeas statute [FN2] gives courts jurisdiction to entertain petitions for habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis in original; internal quotation marks omitted.) Maleng v. Cook, supra, 490 U.S. 490. The history of Connecticut's habeas corpus jurisprudence is "wholly in accord" with federal habeas corpus jurisprudence. Vincenzo v. Warden, supra, 26 Conn. App. 137. Thus, pursuant to General Statutes § 52-466, [FN3] a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is "illegally confined or deprived of his liberty" under the challenged conviction. See also Tracy v. Johnson, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("`[i]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective'").
Ford at 826.
Although a petitioner must be "in custody" in order for the Court to have jursidiction over the habeas proceedings, it is also well settled law in this state that a petition for a writ of habeas corpus is not necessarily rendered moot by the expiration of the Petitioner's sentence, if said appeal was timely filed.
It is clear that a petition for a writ of habeas corpus, if filed while the petitioner is in custody, is not rendered moot by the expiration of the petitioner's sentence. See Barlow v. Lopes, supra, 201 Conn. 105 n. 2; Herbert v. Manson, supra, 199 Conn. 143-44 n. 1. The expiration of a petitioner's sentence prior to a dispositive decision by the habeas court does not render his claims moot. CT Page 12660 Haynes v. Bronson, 13 Conn. App. 708, 710-11, 539 A.2d 592
(1988). In attacking the legality of his conviction in a habeas corpus action, the petitioner's claim survives his release from incarceration. Id.; see also Barlow v. Lopes, supra, 105 n. 2; Herbert v. Manson, supra, 143-44 n. 1.
Smith v. Commr. of Correction, 65 Conn. App. 172, 176
(2001).
 The doctrine of collateral consequences now shields from mootness an appeal challenging a criminal conviction even when the appellant has served the sentence imposed.
 Carr v. Woolwich, 17 Conn. App. 405, 411 (1989).
The Respondent asserts that not only is the Petitioner in the instant action currently not in the custody of the Respondent, he was not in the custody of the Respondent at the time of the filing of the Petition. It is undisputed that the Petitioner did not file the instant habeas action until decades after he had finished serving his Connecticut sentence and he was in the midst of serving time on a different matter in a federal penal facility.
In Ford, supra, our Appellate Court adopted the United States Supreme Court's rationale in Meleng v. Cook, 490 U.S. 488, 109 S.CT. 1923,104 L.Ed.2d 540
(1989). In Melenge, the United States Supreme Court held that an individual may not use a habeas petition to attack a prior conviction when he completed serving the sentence for the same even though the conviction is used to enhance a later sentence. Melenge, Id 490 U.S. 490.
 . . . [T]he potential use of the conviction to enhance a sentence for subsequent offenses [does] not suffice to render a person "in custody."
 Ford, Supra at 827.
Pursuant to the law of this state, in order for a habeas court to have jurisdiction over a habeas matter, the Petitioner must be "in custody". In the instant action the Petitioner was not in the custody of a Connecticut facility or official, or on a Connecticut based probation or parole at the time of the filing of said petition. This Court does not have jurisdiction to grant the Petitioner the relief that he seeks and therefore this matter must be dismissed. So ordered. CT Page 12661
Richard A. Robinson October 1, 2002 CT Page 12662