## ANTHONY W. OLIPHANT *v.* COMMISSIONER OF CORRECTION
### (AC 23549)

Lavery, C. J., and Schaller and McLachlan, Js.

Argued January 20—officially released May 18, 2004

*Temmy Ann Pieszak,* chief of habeas corpus services of the office of chief public defender, for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, was *Michael Dearington,*

state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Anthony W. Oliphant, appeals from the decision of the habeas court dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction. On appeal, the petitioner raised several claims, but because we agree with the court's conclusion that it lacked subject matter jurisdiction, we address only that issue.

The facts are as follows. On April 25, 1995, the petitioner was convicted of two crimes under docket numbers CR7-16272 and CR7-163805. On CR7-16272, he was sentenced to incarceration for one year; on CR7-163805 he was sentenced to incarceration for three months to run consecutive to the one year term for a total effective sentence of fifteen months incarceration (April sentences or April convictions). On September 1, 1995, the petitioner was convicted on another charge and sentenced to fifteen years of incarceration, execution suspended after seven years, with five years of probation (September sentence or September conviction). The September sentence was to run concurrent to the April sentences. One hundred and twenty-nine days passed between the imposition of the April sentences and the imposition of the September sentence.

On November 16, 1998, the petitioner, acting pro se, filed the present petition for a writ of habeas corpus. In the space provided to list sentences on the preprinted form, the petitioner listed only the April sentences. On the form the petitioner claimed, inter alia, that his right to be free of double jeopardy was violated, that his attorney failed to contact certain witnesses and threatened other witnesses, that he was the victim of selective or vindictive prosecution and that he was not tried by an impartial jury. The form allowed the petitioner to

challenge the legality of his convictions or the terms of his confinement. The form provided that it was to be used to challenge either the former or the latter, but not both. The petitioner challenged only the underlying convictions and not his confinement. Appended to the form were two typed pages containing a litany of allegations, including: a conspiracy had been formed against the petitioner because he had made a civil rights complaint; the petitioner's name had been changed without his consent, which led to the denial of telephone privileges during his trials; a conflict existed between him and his attorney; and his attorney was ineffective for a variety of reasons.

The court, *Pittman, J.*, dismissed the petitioner's telephone claim as moot. Subsequently, a special public defender was assigned to represent the petitioner. Thereafter, the special public defender moved to withdraw claiming that there were no nonfrivolous claims that she could present. The petitioner opposed that motion. On June 12, 2002, the court, *R. Robinson, J.*, dismissed the petition and allowed the special public defender to withdraw.

In dismissing the petition, the court noted that the petitioner had finished serving the April sentences, which were the subject of the present habeas action. The court held that "in order for a habeas court to have jurisdiction over a habeas matter, the petitioner must be 'in custody.' In the instant action, the petitioner was not in the custody of a Connecticut facility or official, or on a Connecticut based probation or parole for the subject convictions [the April convictions] at the time of the filing of said petition. This court does not have jurisdiction to grant the petitioner the relief that he seeks and, therefore, this matter must be dismissed." The court based its decision on this court's holding in *Ford* v. *Commissioner of Correction*, 59 Conn. App. 823, 826, 758 A.2d 853 (2000). This appeal followed.

Whether a court has subject matter jurisdiction is a question of law, and our review of the trial court's determination is plenary. *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998). If a court lacks subject matter jurisdiction, it may not entertain the matter. "[S]ubject matter jurisdiction, if lacking, may not be conferred by the parties, explicitly or implicitly." *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 266, 777 A.2d 645 (2001).

To determine whether the court's ruling was correct, we must first determine what the petitioner actually was challenging in his petition for a writ of habeas corpus. The petitioner argues that the court should have interpreted the petition as challenging the September conviction as well as the April convictions. The petitioner also argues that the court should have read the petition to claim that the April convictions were unlawfully enhancing the September conviction. We are not persuaded.

The cornerstone of the petitioner's arguments is that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (Internal quotation marks omitted.) *Estelle* v. *Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Even when the petition is read broadly, however, the petitioner fails in his arguments. In the section of the petition form that allowed the petitioner to list the convictions challenged, he listed only the April convictions. Further, although the petitioner indicated that there was an overlap of issues in the petition and in another that he had filed, he qualified any potential overlap by explaining that one petition addressed the conditions of his imprisonment and that the other addressed the circumstances surrounding his convictions. In addition, the petition did not allege that his April convictions were enhancing the September conviction. The petitioner chose to

allege that his convictions were illegal and specifically chose not to challenge his confinement. The portion of the form relating to the terms of confinement was left blank. The petition does not support the petitioner's arguments; the petition challenged only the legality of the April convictions.

Because the petition challenged only the April convictions, we must determine whether the petitioner was still in custody with respect to those convictions at the time of the filing of the petition. "[P]ursuant to General Statutes § 52-466, a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is 'illegally confined or deprived of his liberty' under the challenged conviction." *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 826. Because "[t]he history of Connecticut's habeas corpus jurisprudence is 'wholly in accord' with federal habeas corpus jurisprudence"; id.; we may rely on federal cases interpreting the contours of the great writ. Federal cases interpreting the custody requirement indicate that to satisfy the requirement, the petitioner must be under some legal restraint, e.g., imprisoned or paroled, at the time the petition is filed. See *Maleng* v. *Cook*, 490 U.S. 488, 491–93, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (petitioner must be under some restraint when petition filed or petitioner not in custody and cannot bring challenge on conviction or collateral consequences stemming therefrom); *Carafas* v. *LaVallee*, 391 U.S. 234, 239–40, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968) (custody requirement does not mean petitioner must be in custody during entire pendency of legal proceedings, but only at time petition filed).

It is uncontested that at the time the petition was filed, the petitioner was no longer under the physical control of the respondent, the commissioner of correction, as a result of the April convictions. That fact alone suggests that the court did not have subject matter

jurisdiction.[1] *Ford* v. *Commissioner of Correction,* supra, 59 Conn. App. 826–30. The petitioner argues that if he is found to have been "in custody," his habeas case would not be rendered moot as a result of the expiration of his sentence on the April convictions, as stated by the habeas court, because he could still be afforded practical relief. The petitioner maintains that if his April convictions were reversed, the 129 days he spent in jail for the April convictions prior to the start of the September sentence could be treated as presentence confinement credit under General Statutes § 18-98d for the September sentence. In light of our conclusion that the petitioner does not satisfy the "in custody" requirement, we do not have to address the petitioner's argument that his habeas action is not moot. We note, however, that the petitioner's argument is meritless. In *Ford* v. *Commissioner of Correction,* supra, 829, this court held that "concurrent sentences automatically begin to run at the same time." Consequently, the petitioner's September sentence began to run retroactively from the date of his April sentences. In other words, according to *Ford,* the longer September sentence completely overlapped the April sentences. Thus, the peti-

---

[1] Because the September sentence was to run concurrent to the April sentences, *Garlotte* v. *Fordice,* 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), does not apply. See *Ford* v. *Commissioner of Correction,* supra, 59 Conn. App. 828–29. *Ford,* like the present case, involved concurrent sentences imposed at different times. Id., 824–25. "Therein lies the fundamental difference between this case and *Garlotte.* The *Garlotte* court was concerned that if it held that a prisoner could not challenge a consecutive term that already had been served, but that a prisoner could challenge an unserved consecutive term; see *Peyton* v. *Rowe,* 391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968); then the question of whether a prisoner serving consecutive sentences had met the 'in custody' requirement would turn on the arbitrary decision of a trial court to have one consecutive sentence run before another. See *Garlotte* v. *Fordice,* supra, [45–46]. The concern expressed by the court in *Garlotte* does not arise in cases such as this one where the petitioner is serving concurrent sentences because concurrent sentences automatically begin to run at the same time." *Ford* v. *Commissioner of Correction,* supra, 828–29.

tioner's September sentence already has been shortened by 129 days. It is the petitioner's position, however, that *Ford* was incorrectly decided and that the April sentences and the September sentence *did not* overlap for 129 days. We decline to reconsider our holding in *Ford*.

The petitioner also argues that he satisfied an exception to the custody requirement by asserting equitable tolling. He maintains that the respondent did not allow him to file his petition. Additionally, the petitioner argues that his case fits within an exception to the custody requirement because he claims that he was not guilty of the crimes. In support of those arguments, the petitioner cites *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). *Lackawanna County District Attorney* determined the relationship between 28 U.S.C. § 2254 and the custody requirement. The petitioner does not explain how *Lackawanna County District Attorney* supports his arguments. Further, we note that the petitioner's argument relating to equitable tolling could not confer subject matter jurisdiction on the court as "subject matter jurisdiction, if lacking, may not be conferred by the parties, explicitly or implicitly." *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 266. One party cannot create subject matter jurisdiction by alleging that the other party prevented the filing of the petition. Indeed, *Williams* suggests that equitable tolling is not a consideration when determining whether a court has subject matter jurisdiction. Id., 277–78.

The petition challenged only the April convictions, which the petitioner had finished serving when the petition was filed. The petitioner failed to satisfy the custody requirement and, therefore, the court lacked subject matter jurisdiction to hear the petition.

The judgment is affirmed.

In this opinion the other judges concurred.