ROBERT M. GRANT *v.* COMMISSIONER OF
CORRECTION
(AC 23870)

Dranginis, Flynn and West, Js.

Argued January 18—officially released March 8, 2005

*Robert M. Grant,* pro se, the appellant (petitioner).

*Leon F. Dalbec, Jr.,* senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky,* state's attorney, and *Mary Rose Palmese,* supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

DRANGINIS, J. The issue in this appeal is whether the habeas court abused its discretion by denying the petition for certification to appeal filed by the petitioner, Robert M. Grant. The court granted the motion to dismiss the petition for a writ of habeas corpus filed by the respondent, the commissioner of correction, because the petitioner was not in custody at the time he filed the petition. We dismiss the appeal.

The following facts are necessary for our resolution of this appeal. On September 29, 1988, the petitioner pleaded guilty to the crimes of larceny in the third degree and attempt to commit larceny in the second degree (larceny conviction) and was sentenced to two concurrent terms of two and one-half years in prison. On January 11, 1990, after a jury convicted him of the crime of murder as an accessory (murder conviction), the petitioner was sentenced to twenty-five years in

prison. On October 28, 1997, the petitioner filed a petition for a writ of habeas corpus with respect to the larceny conviction, alleging, in part, that he was denied the effective assistance of counsel when he pleaded guilty and that he was being held illegally. The respondent filed a motion to dismiss the petition for a writ of habeas corpus on the ground that the court lacked subject matter jurisdiction because the petitioner was no longer confined under the larceny conviction. The court granted the motion to dismiss. Thereafter, the petitioner sought certification to appeal from the judgment of dismissal. The court denied the petitioner's certification request. The petitioner appealed.

I

We first must determine whether the record is adequate for our review. In any appeal, the appellant bears the burden of providing an adequate record for our review. See Practice Book § 60-5. The record here contains no memorandum of decision or signed transcript with respect to the court's having granted the respondent's motion to dismiss. See Practice Book § 64-1. In fact, the petitioner certified that no transcript was necessary for the resolution of his appeal. Whether a court has subject matter jurisdiction is purely a question of law; *Oliphant* v. *Commissioner of Correction*, 83 Conn. App. 10, 13, 847 A.2d 1080, cert. granted on other grounds, 270 Conn. 910, 853 A.2d 526 (2004); and a habeas court's legal analysis is not essential to appellate review of questions of law to which the plenary standard of review applies. See *Norwalk* v. *Farrell*, 80 Conn. App. 399, 406 n.10, 835 A.2d 117 (2003).

The question of whether the court had subject matter jurisdiction to consider the petition for a writ of habeas corpus turns on whether the petitioner's sentence for murder as an accessory was imposed consecutive to or concurrent with his larceny sentences. See *Ford* v.

*Commissioner of Correction,* 59 Conn. App. 823, 758 A.2d 853 (2000). In granting the respondent's motion to dismiss, the court articulated no such finding. In the alternative, the respondent has urged us to take judicial notice of the file, which contains a copy of the mittimus for the petitioner's sentencing on the murder conviction.[1] "It is well known that appellate courts do not make findings of fact. . . . Appellate courts, however, review the whole record and do not overlook material contained in the trial court's file or the appendix to the defendant's brief. We may take judicial notice of the contents of the court's file." (Citation omitted.) *State* v. *Pagan,* 75 Conn. App. 423, 431, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003). On the basis of our review of the habeas court file, we conclude that the record is adequate for our review, and we therefore will address the petitioner's claim that the court abused its discretion in denying his petition for certification to appeal.

## II

When faced with the denial of certification to appeal, a petitioner must first demonstrate that the court abused its discretion. *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). We conclude that the petitioner has not demonstrated an abuse of discretion because, as a matter of law, the issue is not debatable among jurists of reason, a court could not have resolved the issue in a different manner and the question raised does not deserve encouragement to proceed further. See *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden,* supra, 612.

---

[1] Subsequent to filing the appeal on behalf of the petitioner, his counsel filed a motion for permission to withdraw his appearance pursuant to *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In granting the motion to withdraw, the court, *J. Kaplan, J.,* attached a copy of the mittimus for the sentence imposed on the murder conviction to its memorandum of decision.

"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." *Vincenzo* v. *Warden*, 26 Conn. App. 132, 134–35, 599 A.2d 31 (1991). "Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus." (Citations omitted; internal quotation marks omitted.) Id., 137–38. "[P]ursuant to General Statutes § 52-466, a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is illegally confined or deprived of his liberty under the *challenged conviction*." (Emphasis added; internal quotation marks omitted.) *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 826; see also *Tracy* v. *Johnson*, 156 Conn. 630, 631, 239 A.2d 477 (1968) (condition of court's jurisdiction to adjudicate petition for writ of habeas corpus that petitioner be in custody when jurisdiction can be effective).

The mittimus for the petitioner's sentence on the murder conviction simply indicates that the petitioner was sentenced to twenty-five years incarceration. The mittimus does not state whether the sentence was to run concurrent with or consecutive to the petitioner's sentences for the larceny conviction. See General Statutes § 53a-37.[2] "In the absence of a timely designation of the defendant's sentence as concurrent with or consecutive to his prior undischarged term of imprison-

---

[2] General Statutes § 53a-37 provides in relevant part: "When multiple sentences of imprisonment are imposed . . . or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively . . . to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state . . . in conclusion the effective sentence imposed. . . ."

ment, the common-law rule prevails, and the sentence will be treated as concurrent." *State* v. *Pina*, 185 Conn. 473, 482, 440 A.2d 962 (1981). We therefore conclude, as a matter of law, that the petitioner's sentence on the murder conviction was to be served concurrently with his larceny sentences.

The petitioner's two and one-half year concurrent larceny sentences, imposed in September, 1988, expired, at the latest, in March, 1991, while he was incarcerated on the concurrent twenty-five year murder sentence that was imposed in January, 1990. The petitioner filed his petition for a writ of habeas corpus on his larceny conviction in October, 1997. He therefore was not in custody or deprived of his liberty under the larceny conviction at the time he filed the petition for a writ of habeas corpus here. Because he had served the larceny sentences, there was no relief that the court could grant him, as he could not obtain an earlier release from his concurrent murder sentence as the court might have granted if the sentence for murder as an accessory had run consecutively to the larceny sentences. See *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 828, citing *Garlotte* v. *Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995) (prisoner serving *consecutive* sentences is in custody under any one sentence for purposes of habeas corpus).

For these reasons, we conclude, as a matter of law, that the court did not abuse its discretion by denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.