LUIS A. LEBRON *v.* COMMISSIONER OF
CORRECTION
(AC 23687)

Schaller, Bishop and McLachlan, Js.

---

Argued January 13—officially released April 13, 2004

*Paul R. Kraus*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, was *Carolyn K. Longstreth*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

McLACHLAN, J. The petitioner, Luis A. Lebron, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner's sole claim on appeal is that the court improperly dismissed his petition on subject matter jurisdiction grounds after concluding that he did not satisfy the "in custody" requirement of General Statutes § 52-466. We affirm the judgment of the habeas court.

On September 18, 1992, the petitioner was convicted of assault in the third degree in violation of General Statutes § 53a-61 and sentenced to a term of six months incarceration to be served consecutively to a sentence

he already was serving for an unrelated assault.[1] After serving his sentence, the petitioner was released from custody on April 15, 1996. On May 12, 1997, the petitioner was arrested and charged with murder in connection with a May 11, 1997 shooting. On August 12, 1999, the petitioner pleaded guilty to the lesser charge of manslaughter in the first degree in violation of General Statutes § 53a-55a and was sentenced to a term of thirty years incarceration.

The petitioner filed an amended writ of habeas corpus on October 7, 2002, challenging the 1992 conviction and setting forth claims of ineffective assistance of counsel and actual innocence.[2] The petition alleged that the 1992 conviction enhanced his current sentence for the 1999 conviction and enhanced his inmate security classification.

On August 7, 2002, the respondent, the commissioner of correction (commissioner), filed a motion to dismiss the petition, claiming that the court lacked subject matter jurisdiction because the petitioner could not demonstrate that he was "in custody" for the 1992 conviction under attack at the time the habeas petition was filed. In his memorandum in opposition, the petitioner countered that the sentence enhancements to which he was subjected constituted collateral consequences[3] sufficient to render him "in custody" for purposes of a habeas attack on the 1992 conviction.

Following a hearing, the court concluded that it lacked subject matter jurisdiction to entertain the petition and granted the commissioner's motion to dismiss.

---

[1] The 1992 assault conviction occurred while the petitioner was incarcerated at the Manson correctional institution in which he was serving a six year sentence for a 1991 conviction of assault in the first degree.

[2] The petitioner first filed a petition for a writ of habeas corpus in May, 1999.

[3] See *State* v. *McElveen*, 261 Conn. 198, 205, 802 A.2d 74 (2002); see also *Williams* v. *Ragaglia*, 261 Conn. 219, 226, 802 A.2d 778 (2002).

The court reasoned that in accordance with *Ford* v. *Commissioner of Correction*, 59 Conn. App. 823, 758 A.2d 853 (2000), the petitioner no longer was "in custody" under the 1992 conviction because the sentence imposed for that conviction had been served fully by the time the habeas petition was filed. The court then granted the petitioner's petition for certification to appeal from the dismissal and this appeal followed.

Our habeas statute confers jurisdiction to consider petitions only from persons who are "illegally confined or deprived of [their] liberty . . . ." General Statutes § 52-466.[4] As our habeas corpus jurisprudence has been found to be "wholly in accord" with federal habeas corpus jurisprudence, that statutory language has been construed in a manner similar to the federal statute which confers jurisdiction to entertain petitions solely from persons who satisfy the status or condition of being "in custody" at the time the petition is filed.[5] See *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 826; see also *Tracy* v. *Johnson*, 156 Conn. 630, 631, 239 A.2d 477 (1968) ("'[i]t is a condition upon . . . [the] Court's jurisdiction to adjudicate an application for habeas corpus that the petitioner be in custody when that jurisdiction can become effective'").

Our analysis of the issue presented in this appeal is controlled by our decision in *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 826, in which we considered and rejected a similar challenge to the parameters of the "in custody" requirement. In *Ford*, the petitioner was serving concurrent sentences for burglary and robbery. After completing a three year sentence for the burglary conviction and while continu-

---

[4] General Statutes § 52-466 (a) provides in relevant part: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty . . . ."

[5] See 28 U.S.C. § 2241 et seq.

ing to serve the longer concurrent sentence for the robbery conviction, the petitioner brought a writ of habeas corpus, challenging the burglary conviction. The commissioner sought to dismiss the petition, claiming that it was moot because the petitioner already had served his sentence for the burglary conviction that he was challenging. The court determined that it did not have subject matter jurisdiction because the petitioner was not "in custody" for the burglary conviction at the time the petition challenging that conviction was filed. We agreed and affirmed the habeas court's dismissal.

In reaching that conclusion, we relied on *Maleng* v. *Cook*, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989), in which the United States Supreme Court determined that notwithstanding the liberal construction the "in custody" requirement has customarily been afforded,[6] the court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." (Emphasis in original.) Id., 491.

In the present case, the petitioner was released from custody for his 1992 conviction on April 15, 1996, and did not bring either his original or amended habeas petition until several years later. We accordingly conclude, on the basis of *Ford* and *Maleng*, that the petitioner was not "in custody" under the 1992 conviction because the sentence imposed for that conviction had expired before the petition was filed.

In so holding, we specifically reject the argument advanced by the petitioner that, despite the expiration of the sentence imposed for the 1992 conviction, the "in custody" requirement was satisfied because he continues to suffer collateral consequences from that con-

---

[6] See, e.g., *Jones* v. *Cunningham*, 371 U.S. 236, 241–43, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963) (holding that prisoner on parole remains "in custody").

viction in the form of sentence enhancements to his 1999 conviction. That proposition also was considered and rejected by the United States Supreme Court in *Maleng* v. *Cook*, supra, 490 U.S. 488. In *Maleng*, the petitioner claimed that the "in custody" requirement was satisfied by the possibility that a future sentence might be enhanced as a result of the conviction related to the expired sentence. The court disagreed and held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id., 492. In declining to construe the "in custody" requirement in the expansive manner urged by the petitioner, the court commented that such an interpretation "stretches the language 'in custody' too far." Id., 491.

On the basis of the foregoing, we conclude that the petitioner is jurisdictionally barred from asserting his habeas corpus action and that the court, therefore, properly dismissed his petition.

The judgment is affirmed.

In this opinion the other judges concurred.