AEDAN MCCARTHY *v.* COMMISSIONER OF CORRECTION
(AC 23665)

Schaller, Bishop and McLachlan, Js.

Argued January 13—officially released April 13, 2004

*Sandra J. Crowell*, assistant public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

McLACHLAN, J. The petitioner, Aedan McCarthy, appeals from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. The petitioner's sole claim on appeal is that the court improperly dismissed his petition on the ground that it lacked subject matter jurisdiction after concluding that he did not satisfy the "in custody" requirement of General Statutes § 52-466. On the basis of the reasoning set forth in *Lebron* v. *Commissioner of Correction*, 82 Conn. App. 475, 844 A.2d 946 (2004), also released on the same date, following the precedent of *Ford* v. *Commissioner of Correction*, 59 Conn. App. 823, 758 A.2d 853 (2000), we disagree and affirm the judgment of the habeas court.

In February, 1958, the petitioner was convicted of ten counts of burglary in violation of General Statutes (Cum. Sup. 1955) § 3277d and sentenced to a term of five years and one day incarceration on each count, to be served concurrently, for a total effective sentence of five years and one day incarceration. It is not disputed that the petitioner served the sentence and was released from custody.

In January, 1995, more than thirty years after being released from custody for the 1958 conviction, the petitioner was convicted in United States District Court for the District of Maine on various charges stemming from three bank robberies. At sentencing, the government introduced evidence of the 1958 conviction and sought enhanced penalties in accordance with the Armed Career Criminal Act of 1984 (act), 18 U.S.C. §§ 922 (g) (1) and 924 (e) (1) and (2). The District Court determined that the petitioner's 1958 conviction qualified him as an armed career criminal and accordingly sentenced him, pursuant to the provisions of the act, to a term of thirty-two years incarceration.

On August 21, 2000,[1] the petitioner filed a second amended petition for a writ of habeas corpus, challenging the 1958 conviction. The petitioner alleged that the 1958 conviction had been utilized to enhance his federal sentence pursuant to the act. On September 27, 2000, the respondent, the commissioner of correction, filed a motion to dismiss the petition on the ground that the petitioner had served the sentence imposed for the 1958 conviction fully before filing the petition and, therefore, was not "in custody" for that conviction, as required by § 52-466. Relying on our decision in *Ford* v. *Commissioner of Correction*, supra, 59 Conn. App. 823, the court determined that the petitioner was not "in custody" for

---

[1] The petitioner first filed a petition for a writ of habeas corpus in March, 1997.

the 1958 conviction and granted the motion to dismiss. The court then granted the petitioner's petition for certification to appeal from the dismissal and this appeal followed.

This case is controlled by our decisions in *Ford* and *Lebron*, in which we concluded that a habeas petitioner is jurisdictionally barred from challenging a conviction for which the sentence imposed has expired fully before the petition is filed. We further concluded in *Lebron* that the mere fact that the expired conviction was used to enhance a sentence for a subsequent conviction is not itself a collateral consequence sufficient to render the petitioner "in custody" for purposes of a habeas attack. See *Lebron* v. *Commissioner of Correction*, supra, 82 Conn. App. 479–80.

In the present case, the petitioner filed his habeas petition thirty-four years after the sentence imposed for the challenged conviction had expired fully. We conclude, in accordance with the principles articulated in *Ford* and *Lebron*, that the petitioner is jurisdictionally barred from asserting his habeas corpus action and that the court properly dismissed his petition.

The judgment is affirmed.

In this opinion the other judges concurred.