GREGORY A. WYMAN *v.* COMMISSIONER OF CORRECTION
(AC 24516)

Dranginis, West and McLachlan, Js.

Argued September 23—officially released November 16, 2004

*Donald D. Dakers*, special public defender, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Russell C. Zentner* and *James A. Killen*,

---

senior assistant state's attorneys, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gregory A. Wyman, appeals from the judgment of the trial court dismissing his petition for a writ of habeas corpus.[1] The court found that the petitioner was not in custody pursuant to General Statutes § 52-466 (a) and therefore it lacked subject matter jurisdiction over his petition.[2] We affirm the judgment of the trial court.

The court made the following findings of fact that are relevant to this appeal. "On February 16, 1988, the petitioner was sentenced to a total effective sentence of ten years incarceration, execution suspended after . . . four years, to be followed by five years of probation. On June 19, 1990, the petitioner was released from confinement and his probationary period commenced on September 24, 1990. On September 24, 1995, the petitioner's probationary period expired. On April 14, 2000, the petitioner filed a petition for a writ of habeas corpus in [the trial] court. . . . The petitioner has admitted that he is no longer in the physical custody of the respondent, and . . . that he is not on probation. The court has found that prior to the filing of the petition for a writ of habeas corpus, the sentence and probationary period have been discharged in total. There is no argument between the petitioner and respondent that this is the case."[3]

Here, as in the trial court, the petitioner argues that because there are collateral consequences flowing from

---

[1] The court granted the petitioner's application for certification to appeal.

[2] General Statutes § 52-466 provides in relevant part: "(a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty . . . ."

[3] The petitioner alleged, in part, "I understand that time has elapsed, and presenting this matter for both prosecutors and myself . . . ."

his 1988 conviction, the Superior Court has continuing jurisdiction and may adjudicate a petition for a writ of habeas corpus so long as there are any collateral consequences. The petitioner claims that he did not intelligently and voluntarily enter a plea of guilty with respect to the 1988 conviction due to the allegedly ineffective assistance of counsel.[4] At the present time, the petitioner is serving a 120 year sentence in the state of South Dakota, where his sentence was enhanced as a collateral consequence of his 1988 conviction in this state, among others.[5] The court concluded that it did not have jurisdiction over the petition for a writ of habeas corpus because it was not filed while the petitioner was in custody or on a period of probation. Even though the petitioner may be burdened by the collateral consequences of his conviction, the court concluded that it lacked jurisdiction to hear the matter. We agree.

"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competence to exercise power." *Vincenzo* v. *Warden,* 26 Conn. App. 132, 134–35, 599 A.2d 31 (1991). "Subject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466, which gives it the authority to hear those petitions that allege illegal confinement or deprivation of liberty." *Abed* v. *Commissioner of Correction,* 43 Conn. App. 176, 179, 682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996).

"The jurisprudential history of our habeas corpus statute is consistent with the English common-law prin-

---

[4] This case does not encompass a claim under *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). See *Custis* v. *United States,* 511 U.S. 485, 496–97, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994) (exception for *Gideon* challenges).

[5] There was evidence before the South Dakota court that the petitioner had been convicted of crimes in three different jurisdictions prior to his 1988 conviction in this state.

ciples of the Great Writ and the federal habeas corpus statute. . . . In discussing the federal statute, the United States Supreme Court has said that [t]he purpose of the proceeding defined by the statute was to inquire into the legality of the detention . . . . There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the *custody* and detention, and no suggestion of such a use has been found in the commentaries on the English common law." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 31–32, 842 A.2d 606, cert. granted on other grounds, 269 Conn. 913, 852 A.2d 742 (2004).

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be an unlawful custody. . . . In the classic statement: The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer. It does not reach the former except through the latter. The officer or person who serves it does not unbar the prison doors, and set the prisoner free, but the court relieves him by compelling the oppressor to release his constraint. The whole force of the writ is spent upon the [custodian]. . . . *Braden* v. *30th Judicial Circuit Court of Kentucky*, [410 U.S. 484, 494–95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)]." (Internal quotation marks omitted.) *Hickey* v. *Commissioner of Correction*, supra, 82 Conn. App. 32.

The court's ruling on its subject matter jurisdiction over the petition for a writ of habeas corpus is consistent with the following federal cases: *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 402, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) (if prior conviction used to enhance state sentence no longer open to direct or collateral attack in its own right because

defendant failed to pursue those remedies while they were available, defendant may not attack prior conviction under 28 U.S.C. § 2254); *Daniels* v. *United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001) (if prior conviction used to enhance federal sentence is no longer open to direct or collateral attack in its own right because defendant failed to pursue those remedies while they were available, then defendant may not collaterally attack his prior conviction under 28 U.S.C. § 2255); *Maleng* v. *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (once sentence imposed for conviction has expired, collateral consequences of conviction are not themselves sufficient to render petitioner in custody for purposes of habeas attack). The court's judgment also is consistent with the following recent decisions of this court for which certification to appeal has been granted by our Supreme Court on the question of whether the trial court had jurisdiction over the respective petitions for a writ of habeas corpus: *Hickey* v. *Commissioner of Correction*, supra, 82 Conn. App. 34 (petitioner incarcerated in foreign jurisdiction not in custody where no detainer lodged);[6] *McCarthy* v. *Commissioner of Correction*, 82 Conn. App. 480, 482, 844 A.2d 920 (petitioner released thirty years ago for 1958 conviction used to enhance 1995 conviction not in custody), cert. granted, 269 Conn. 914, 852 A.2d 743 (2004); *Lebron* v. *Commissioner of Correction*, 82 Conn. App. 475, 479, 844 A.2d 946 (petitioner not in custody under 1992 conviction because sentence imposed expired before petition filed), cert. granted, 269 Conn. 914, 852 A.2d 743 (2004).[7]

---

[6] The certified issue in *Hickey* is "Did the Appellate Court properly affirm the trial court's dismissal of the petitioner's habeas corpus petition?" *Hickey* v. *Commissioner of Correction*, supra, 269 Conn. 913.

[7] The defendant argues that this case is controlled by *McCarthy* and *Lebron* and asks that we withhold our decision until our Supreme Court has decided the appeals of those cases. We decline the defendant's request. The certified issue in *McCarthy* and *Lebron* is whether this court properly concluded that the trial court lacked subject matter jurisdiction over the respective petitioner's habeas corpus petition. See *McCarthy* v. *Commissioner of Cor-*

The judgment is affirmed.

In this opinion the other judges concurred.

*rection,* supra, 269 Conn. 914; *Lebron* v. *Commissioner of Correction,* supra, 269 Conn. 914.