AEDAN MCCARTHY *v.* COMMISSIONER OF
CORRECTION
(SC 17208)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

Argued March 7—officially released July 26, 2005

*Sandra J. Crowell*, assistant public defender, with whom were *Kalisha R. Raphael*, assistant public defender, and, on the brief, *Christopher M. Neary*, deputy assistant public defender, and *Adele Patterson*, assistant public defender, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SULLIVAN, C. J. The petitioner, Aedan McCarthy, appeals following our grant of certification[1] from the

---

[1] We granted certification limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction over the petitioner's habeas corpus petition?" *McCarthy* v. *Commissioner of Correction*, 269 Conn. 914, 852 A.2d 743 (2004).

judgment of the Appellate Court affirming the judgment of the habeas court dismissing his petition for a writ of habeas corpus. *McCarthy* v. *Commissioner of Correction*, 82 Conn. App. 480, 481, 844 A.2d 920 (2004). The petitioner claims on appeal that the Appellate Court improperly concluded that the habeas court lacked subject matter jurisdiction over his habeas petition because the petitioner was not in "custody" within the meaning of General Statutes § 52-466[2] at the time his habeas petition was filed. We disagree and affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following facts and procedural history. "In February, 1958, the petitioner was convicted of ten counts of burglary in violation of General Statutes (Cum. Sup. 1955) § 3277d and sentenced to a term of five years and one day incarceration on each count, to be served concurrently, for a total effective sentence of five years and one day incarceration. It is not disputed that the petitioner served the sentence and was released from custody.

"In January, 1995, more than thirty years after being released from custody for the 1958 conviction, the peti-

---

[2] General Statutes § 52-466 provides in relevant part: "(a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty, provided any application made by or on behalf of a person confined in the Connecticut Correctional Institution, Enfield-Medium or the Carl Robinson Correctional Institution, Enfield, shall be made to the superior court or a judge thereof for the judicial district of Tolland.

"(b) The application shall be verified by the affidavit of the applicant for the writ alleging that he truly believes that the person on whose account the writ is sought is illegally confined or deprived of his liberty.

"(c) The writ shall be directed to some proper officer to serve and return, who shall serve the same by putting a true and attested copy of it into the hands of the person who has the custody of the body of the person who is directed to be presented upon the writ. If the officer fails to make immediate return of the writ, with his actions thereon, he shall pay fifty dollars to the person so held in custody. . . ."

tioner was convicted in United States District Court for the District of Maine on various charges stemming from three bank robberies. At sentencing, the government introduced evidence of the 1958 conviction and sought enhanced penalties in accordance with the Armed Career Criminal Act of 1984 (act), 18 U.S.C. §§ 922 (g) (1) and 924 (e) (1) and (2). The District Court determined that the petitioner's 1958 conviction qualified him as an armed career criminal and accordingly sentenced him, pursuant to the provisions of the act, to a term of thirty-two years incarceration.

"On August 21, 2000,[3] the petitioner filed a second amended petition for a writ of habeas corpus, challenging the 1958 conviction. The petitioner alleged that the 1958 conviction had been utilized to enhance his federal sentence pursuant to the act. On September 27, 2000, the respondent, the commissioner of correction, filed a motion to dismiss the petition on the ground that the petitioner had served the sentence imposed for the 1958 conviction fully before filing the petition and, therefore, was not 'in custody' for that conviction, as required by § 52-466. . . . [T]he [habeas] court determined that the petitioner was not 'in custody' for the 1958 conviction and granted the motion to dismiss. The court then granted the petitioner's petition for certification to appeal from the dismissal" and the petitioner appealed to the Appellate Court. (Citation omitted.) *McCarthy* v. *Commissioner of Correction*, supra, 82 Conn. App. 482–83.

The Appellate Court concluded that the habeas court had dismissed the petitioner's habeas petition properly

---

[3] "The petitioner first filed a petition for a writ of habeas corpus in March, 1997." *McCarthy* v. *Commissioner of Correction*, supra, 82 Conn. App. 482 n.1. It is undisputed that the second amended petition is the operative petition for purposes of this appeal. Accordingly, all references to the petitioner's petition for a writ of habeas corpus in this opinion pertain to the second amended petition.

for lack of subject matter jurisdiction because the petitioner's 1958 conviction had expired fully before he filed his petition, and that the alleged enhancement of his 1995 sentence was insufficient to render him in custody on his 1958 conviction within the meaning of § 52-466. Id., 483. This certified appeal followed.

The petitioner claims that the Appellate Court improperly concluded that the habeas court lacked subject matter jurisdiction over his petition because the custody requirement in § 52-466 is not jurisdictional and because his 1958 conviction, the illegality of which he did not discover until after that conviction had expired, was used to enhance his 1995 sentence. We disagree.

"As a preliminary matter, we set forth the applicable standard of review. The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 512, 876 A.2d 1178 (2004).

The outcome of the present matter is controlled by our decision in *Lebron*, which was released on the same date as this opinion. In *Lebron*, the petitioner filed an amended petition for a writ of habeas corpus in October, 2002, challenging a 1992 conviction that had expired fully by the time his petition was filed. Id., 509–10. The petition set forth claims of ineffective assistance of counsel and actual innocence and additionally

alleged that the petitioner's sentence and security classification for a subsequent 1999 state conviction had been enhanced by his 1992 conviction. Id., 510. This court concluded that the habeas court properly had dismissed the petition for lack of subject matter jurisdiction because the petitioner's 1992 conviction had expired fully by the time he filed his habeas petition and, therefore, he was not in custody on that conviction within the meaning of § 52-466. Id., 530–31. In *Lebron*, we determined that § 52-466 requires that a petitioner be in custody on the conviction under attack at the time the habeas petition is filed, that the custody requirement in § 52-466 is subject matter jurisdictional and that the collateral consequences of an expired conviction, specifically, the enhancement of a subsequent sentence and prison security classification, are insufficient to render a petitioner in "custody" within the meaning of the statute. Id., 530 ("a petitioner whose conviction has expired fully prior to the filing of a habeas petition is not in 'custody' on that conviction within the meaning of § 52-466"); see also *Maleng* v. *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam) (construing federal habeas statute and concluding that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").

"In the present case, the petitioner filed his habeas petition thirty-four years after the sentence imposed for the challenged conviction had expired fully." *McCarthy* v. *Commissioner of Correction*, supra, 82 Conn. App. 483. Accordingly, the petitioner suffers no present restraint from his 1958 conviction and is not in custody on that conviction within the meaning of § 52-466. See *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 530. To the extent that the petitioner

claims that he is in custody or has been "deprived of his liberty"; see General Statutes § 52-466 (a); because his 1958 conviction was used to enhance his current federal sentence, his loss of liberty stems solely from his current federal conviction. See *Lebron* v. *Commissioner of Correction*, supra, 531. Consequently, the petitioner can pursue his claim, if at all, only by way of a petition for a writ of habeas corpus attacking his current federal sentence. Accordingly, we conclude that the habeas court properly dismissed the petition for lack of subject matter jurisdiction.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.