# KENNETH RICHARDSON *v.* COMMISSIONER OF CORRECTION
## (SC 18541)

Rogers, C. J., and Norcott, Katz, Palmer, McLachlan and Eveleigh, Js.

Argued September 7—officially released October 26, 2010

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Brian Kennedy*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

EVELEIGH, J. The petitioner, Kenneth Richardson, following a grant of certification to appeal by the habeas court, appeals[1] from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court improperly: (1) dismissed his petition for a writ of habeas corpus for lack of subject matter jurisdiction because the petitioner was not in "custody" within the meaning of General Statutes § 52-466[2] when he filed his

---

[1] The petitioner appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[2] General Statutes § 52-466 (a) (1) provides: "An application for a writ of habeas corpus, other than an application pursuant to subdivision (2) of this subsection, shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty."

habeas petition; and (2) failed to construe his petition for a writ of habeas corpus as a writ of error coram nobis. We disagree and affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. On September 30, 1996, the petitioner pleaded guilty to a substitute count of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 (b). On December 9, 1996, the petitioner received a sentence of three years incarceration, execution suspended, and three years probation. Thereafter, on February 4, 2000, federal authorities charged the petitioner with violating 21 U.S.C. §§ 841 (a) (1) and 846.[3] The petitioner subsequently was convicted of the federal drug offense and sentenced to a mandatory term of life imprisonment, pursuant to a sentence enhancement on the basis of the petitioner's two prior state drug convictions, one of which is the aforementioned marijuana conviction at issue in this appeal.[4] See 21 U.S.C. § 841 (b) (1).

---

[3] Section 841 (a) (1) of title 21 of the United States Code makes it an offense to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." Section 846 of title 21 of the United States Code makes it an offense to attempt or conspire to commit the offenses provided for in § 841. The petitioner's February 4, 2000 indictment, docket number 3:99CR264(AHN), was superseded by a November 7, 2000 indictment for the same offenses. It was in conjunction with the November indictment that the United States attorney filed the penalty enhancement notice.

[4] The petitioner's typed petition for a writ of habeas corpus stated that his probation for the state offense terminated on September 25, 2000, a date after the petitioner's indictment for violating federal drug laws. As the habeas court noted in its memorandum of decision on the petitioner's motion for articulation, the September 25, 2000 date is inconsistent with the petitioner's sentence of three years of probation, which would have expired on December 9, 1999, almost ten months before the petitioner's subsequent federal indictment. In the absence of modification, of which there is no evidence, the petitioner's probation should have terminated on December 9, 1999, assuming, arguendo, that the petitioner received no credit for time served prior to sentencing. It is undisputed, however, that the petitioner was not in the custody of the respondent, the commissioner of correction, when he filed his habeas petition in July, 2008.

On July 17, 2008, the petitioner filed the present pro se petition for a writ of habeas corpus.[5] On the standard preprinted petition form the petitioner cursorily stated that his 1996 state narcotics conviction was illegal on the dual bases that his counsel had been ineffective at the petitioner's plea hearing and there was no factual basis for his plea. The petitioner also submitted a typed petition for a writ of habeas corpus, wherein he alleged ineffective assistance of counsel on the bases that: (1) the petitioner had been "*ill-advised* by counsel into accepting [a] plea-bargain and pleading guilty to [the] substitute count in [the] information"; (emphasis in original); (2) his conviction had been obtained in violation of both the state and federal constitutional due process provisions because there had been "no factual basis for [the] petitioner's plea of guilty, nor [was there] any factual basis from which the court could rely on, in accepting [the] petitioner's plea of guilty"; and (3) due process required that his sentence be vacated because it served "as a continuing basis to illegally detain [the] petitioner in [federal prison], for the remainder of his life . . . ."

On August 8, 2008, the habeas court dismissed the petition for a writ of habeas corpus pursuant to Practice Book § 23-29 (1),[6] concluding that it did not have juris-

---

[5] The petitioner allegedly mailed his petition for a writ of habeas corpus in August, 2006. In April, 2008, the petitioner wrote to the court to inquire as to the status of his petition for a writ of habeas corpus. A clerk of the court informed the petitioner that his 2006 filing could not be located and consequently he could not be credited with a 2006 filing date. The petitioner subsequently refiled his petition, including a motion requesting that he be credited with a 2006 filing date. We note, however, that a 2006 filing date would not change our analysis of the petitioner's claims and, accordingly, we refer to the July 17, 2008 pleading as the operative petition for a writ of habeas corpus.

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction . . . ."

diction over the petition because the petitioner had not been in custody at the time he filed his petition. In reaching this conclusion, the court addressed the petitioner's claim that, because his state conviction had been used to enhance his federal sentence, he fell within the exception set forth in *Garlotte* v. *Fordice*, 515 U.S. 39, 45–47, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), whereby "a petitioner serving consecutive sentences remains in custody under all of [the] sentences until all are served" and, consequently, may assert a habeas claim resting upon an expired sentence. (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 543, 911 A.2d 712 (2006). The habeas court concluded that the petitioner's reliance on *Garlotte* was misplaced because the petitioner was not serving consecutive sentences. The habeas court subsequently granted the petitioner's petition for certification to appeal.

While this appeal was pending, the petitioner moved pursuant to Practice Book § 66-5 for an articulation from the habeas court regarding its decision that it lacked jurisdiction over the petition. In its memorandum of decision articulating its earlier memorandum dismissing the petition, the habeas court reiterated that it accepted as true the petitioner's factual allegations, specifically that the petitioner was on probation when he was indicted for the federal drug offenses. The court framed the principal question posed by the motion for articulation as whether that court had considered the factual allegation that the petitioner was taken into federal custody while still on state probation and, as a matter of law, therefore, was in continuous custody such that the custody requirement under § 52-466 was satisfied. The habeas court again found that the facts underlying the petitioner's case were distinct from those in *Garlotte* and its progeny. The court concluded that although the petitioner's two periods of confine-

ment may have "*coincidentally* run in sequence without interruption"; (emphasis in original); the petitioner's current federal sentence was not imposed consecutively with his state sentence, a crucial consideration in determining whether a person has been in continuous custody. See *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 543–44. The federal sentence, the court concluded, was simply imposed after the state sentence, and only by chance did it overlap with the petitioner's allegedly ongoing state probation.

On appeal, the petitioner first claims that the habeas court improperly concluded that it lacked jurisdiction over his petition for a writ of habeas corpus. Specifically, the petitioner claims that the custody requirement embodied in § 52-466 is satisfied by confinement alone; custody or confinement under a specific sentence is not required.[7] As a result, the petitioner contends that this case is one of first impression and that our prior case law does not control its outcome. Lastly, the petitioner further asserts that he is confined and his claim,

---

[7] We note that at oral argument before this court, the petitioner expressly stated that he was not claiming that he satisfied the custody requirement of § 52-466 on the basis of collateral consequences, namely that his earlier state conviction was used to enhance his current federal sentence. As this court has held, collateral consequences flowing from an expired conviction do not render a habeas petitioner in "custody" under § 52-466. See *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 541. The petitioner also stated that his claim on appeal, specifically that custody alone satisfies the custody requirement of § 52-466, was not dependent on the alleged continuous sequence of his custody, in other words the allegation that he was arrested and indicted for federal drug offenses while continuing to be on probation for the state drug sentence. Accordingly, we need not address the exception in *Garlotte* v. *Fordice*, supra, 515 U.S. 47, whereby a habeas petitioner may "challenge a consecutive sentence served prior to his current conviction"; *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 573, 877 A.2d 761 (2005); a narrow exception that we have described as motivated by the concern that "consecutive sentences constitute a *continuous stream of custody* because most states aggregate consecutive sentences for various penological purposes . . . ." (Emphasis added.) *Ajadi* v. *Commissioner of Correction*, supra, 543.

if successful, would have an appreciable effect on the length of his current confinement.

The respondent, the commissioner of correction, claims that the habeas court properly determined that it lacked jurisdiction over the petitioner's habeas petition because the petitioner was not in the custody of any state official when he filed his petition. We agree with the respondent and conclude that the present appeal is controlled by well settled case law, which we decline to reconsider.

## I

### CUSTODY REQUIREMENT

We begin our analysis by setting forth the applicable standard of review. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 532–33.

Section 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose *custody is in question is claimed to be illegally confined or deprived of such person's liberty*." (Emphasis

added.) We previously have concluded that the custody requirement of § 52-466 is jurisdictional because the "history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody." *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 526, 876 A.2d 1178 (2005).

The petitioner claims that the habeas court improperly determined that the petitioner must be in custody under the specific sentence challenged in order for the habeas court to have jurisdiction. The main thrust of the petitioner's claim is that, so long as "a petitioner is confined [by some sovereign] the [habeas] court has jurisdiction to inquire into the validity of that confinement regardless of whether the petitioner is serving one sentence, consecutive or concurrent sentences, or no sentence at all." The petitioner supports this reasoning in part by claiming that § 52-466 only refers to custody without any accompanying reference to "confinement under a specific sentence." Although the petitioner concedes that "Connecticut courts have repeatedly stated that a habeas court lacks jurisdiction if the petitioner is not held *under the conviction at issue in the habeas* [petition]"; (emphasis in original); the petitioner claims that those courts were "never presented with the question whether custody qua custody satisfied the jurisdictional requirement without reference to the [sentence] then being served." We reject the petitioner's reasoning and reaffirm this court's well reasoned decisions in *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 514, *Oliphant* v. *Commissioner of Correction*, supra, 274 Conn. 563, *McCarthy* v. *Commissioner of Correction*, 274 Conn. 557, 877 A.2d 758 (2005), and *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 507.

A review of these decisions demonstrates that they collectively stand for the following two principles rele-

vant to this appeal. First, in order to satisfy the custody requirement of § 52-466, the "petitioner [must] be in *custody on the conviction under attack* at the time the habeas petition is filed . . . ." (Emphasis added.) *McCarthy* v. *Commissioner of Correction,* supra, 274 Conn. 562; see also *Oliphant* v. *Commissioner of Correction,* supra, 274 Conn. 572 ("habeas courts do not have subject matter jurisdiction over a habeas petition unless the petitioner is in custody on the conviction under attack at the time he files his petition"); *Lebron* v. *Commissioner of Correction,* supra, 274 Conn. 530 ("a petitioner whose conviction has expired fully prior to the filing of a habeas petition is not in 'custody' on that conviction within the meaning of § 52-466"). Second, collateral consequences flowing from an expired conviction do not render a petitioner in "custody" under § 52-466; rather, such a claim of confinement or custody and any accompanying "loss of liberty [stem] solely from [a petitioner's] current conviction." *Lebron* v. *Commissioner of Correction,* supra, 531; see id. (alleged enhancement of sentence and security classification do not render petitioner in custody under expired conviction); see also *Ajadi* v. *Commissioner of Correction,* supra, 280 Conn. 541 (deportation proceedings against petitioner do not render petitioner in custody under expired convictions); *Oliphant* v. *Commissioner of Correction,* supra, 572 (rejecting petitioner's reliance on collateral consequences in light of *Lebron*); *McCarthy* v. *Commissioner of Correction,* supra, 562–63 (thirty-four year old expired conviction used to enhance federal sentence does not render petitioner in custody).

Applying these principles to the facts of the present case, we first note that it is undisputed that the petitioner was not physically confined, restrained or incarcerated under the custody of the respondent in connection with his 1996 state narcotics conviction

when he filed his petition for a writ of habeas corpus on July 17, 2008. We reject the petitioner's assertion that the custody requirement of § 52-466 may be satisfied by confinement alone and we reaffirm that a "petitioner [must] be in *custody on the conviction under attack* at the time the habeas petition is filed . . . ." (Emphasis added.) *McCarthy* v. *Commissioner of Correction,* supra, 274 Conn. 562. In response to the petitioner's request in *Lebron* that this court conclude that the custody requirement of § 52-466 was satisfied by a collateral consequence in the form of a sentence enhancement, this court warned that "[t]o construe the term custody in the broad manner proposed by the petitioner stretches the language [of § 52-466] too far. . . . Although the custody requirement has been construed liberally *. . .* it has never been extended to the situation where a habeas petitioner *suffers no present restraint from a conviction. . . .* Such an interpretation would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time through a state petition for habeas corpus and would read the in custody requirement out of the statute." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction,* supra, 274 Conn. 530–31. In light of these principles, we again decline the petitioner's invitation to stretch the language of § 52-466 so far that "custody qua custody satisfie[s] the jurisdictional requirement [regardless of any] reference to the [sentence] then being served." In accordance with the case law and principles discussed previously, we conclude that the habeas court properly dismissed the habeas petition pursuant to § 52-466 for lack of jurisdiction because the petitioner was not in the custody of the respondent in connection with his 1996 state narcotics conviction when he filed his habeas petition.

## II

## WRIT OF ERROR CORAM NOBIS

The petitioner alternatively claims that, once the habeas court determined that the petition for a writ of habeas corpus failed to satisfy the custody requirement of § 52-466, the habeas court improperly failed to review, sua sponte, the petitioner's pro se petition for a writ of habeas corpus as a petition for a writ of error coram nobis.[8] Specifically, the petitioner asserts that it was improper for the habeas court not to construe liberally the petitioner's habeas petition as a petition for a writ of error coram nobis. The petitioner seeks review of his claim under the plain error doctrine;[9] see Practice Book § 60-5;[10] or, alternatively, requests that

[8] "A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation [in which] no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009).

[9] "The plain error doctrine is a rule of reversibility reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . *State* v. *Cutler*, 293 Conn. 303, 326, 977 A.2d 209 (2009). That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . [Thus, an appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . . *State* v. *Moore*, 293 Conn. 781, 823, 981 A.2d 1030 (2009), cert. denied, 560 U.S. 954, 130 S. Ct. 3386, 177 L. Ed. 2d 306 (2010)." (Internal quotation marks omitted.) *State* v. *Roger B.*, 297 Conn. 607, 618, 999 A.2d 752 (2010).

[10] Practice Book § 60-5 provides in relevant part: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

this court exercise its supervisory powers in reviewing his claim.[11] We decline to reach this issue because it was not raised before the habeas court.[12] We also decline to engage in a plain error analysis. Additionally, the petitioner concedes that this issue was not raised before the habeas court and therefore requests that we review this unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because "the record is adequate to review the alleged claim of error . . . [and] the claim is of constitutional magnitude alleging the violation of a fundamental right . . . ." We decline to engage in *Golding* review of this claim.

Our review of the record reveals that the habeas court was presented with the standard preprinted habeas petition form and, additionally, with an articulate, typed, twelve page petition entitled "Pro Se Motion for Habeas Corpus" drafted by the petitioner. There is no evidence that the habeas court was presented with a request to

"The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . .

"It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10."

[11] Because "[o]ur supervisory authority . . . is not a form of free-floating justice, untethered to legal principle . . . [and] [o]ur supervisory powers are invoked only in the rare circumstance where [the] traditional protections are inadequate to ensure the fair and just administration of the courts"; (internal quotation marks omitted) *State* v. *Connor*, 292 Conn. 483, 518–19 n.23, 973 A.2d 627 (2009); we decline under the facts of this case to invoke this extraordinary power.

[12] Cf. *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 549–50 (declining to review petitioner's claim that habeas court should have construed habeas petition as petition for writ of error coram nobis because claim not preserved); *Mourning* v. *Commissioner of Correction*, 120 Conn. App. 612, 625–26, 992 A.2d 1169 (declining to exercise supervisory power to review previously unraised claim that habeas court should have construed habeas petition as petition for writ of error coram nobis), cert. denied, 297 Conn. 919, 996 A.2d 1192 (2010).

construe the petitioner's otherwise facially valid habeas corpus petitions as a petition for a writ of error coram nobis. The pleadings before the habeas court did not evince a request by the petitioner that the court vacate the petitioner's 1996 state marijuana conviction, and that in support of this request the petitioner was presenting facts not appearing in the record which, if true, would demonstrate that his state marijuana conviction was void or voidable, and that such facts were unknown at the time of the petitioner's state trial through no fault of the petitioner. Thus, these hallmark elements of a petition for a writ of error coram nobis were not before the habeas court. See *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009). As this court previously has instructed: "[a] habeas court does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 549. The habeas court's memorandum of decision dismissing the petition and its later memorandum of decision articulating that dismissal are in accordance with these principles and properly addressed the merits of the petitioner's pleadings only as a petition for a writ of habeas corpus. In the absence of a request by the petitioner that the habeas court review his habeas petition as a petition for a writ of error coram nobis, the habeas court was under no obligation, and indeed was prohibited from considering, sua sponte, the petitioner's clearly labeled habeas corpus petition as a petition for a writ of error coram nobis.

The judgment of the habeas court is affirmed.

In this opinion the other justices concurred.