******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MOMODOU LAMIN JOBE *v.* COMMISSIONER OF
CORRECTION
(AC 39760)

Lavine, Bright and Pellegrino, Js.

*Syllabus*

The petitioner, who had been convicted on a guilty plea of illegal possession
of less than four ounces of marijuana and illegal sale of a record or tape,
sought a writ of habeas corpus. The habeas court rendered judgment
dismissing the habeas petition, concluding that it lacked jurisdiction to
consider the merits of the petition pursuant to *Padilla* v. *Kentucky* (559
U.S. 356). Thereafter, the petitioner, on the granting of certification,
appealed to this court. The respondent Commissioner of Correction
conceded that the habeas court improperly dismissed the petition pursu-
ant to *Padilla* but claimed that the judgment of dismissal could be
affirmed on the alternate ground that the petitioner had failed to allege
that he was in custody at the time he filed his petition. *Held* that the
habeas court properly dismissed the habeas petition for lack of jurisdic-
tion; the petitioner was no longer in custody at the time the petition
was filed, and there was no evidence that a warrant had been issued
for violation of his conditional discharge, which would have been the
only way that the petitioner could have been in custody at the time he
filed his petition.

Argued February 15—officially released April 17, 2018

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland and
tried to the court, *Oliver, J.*; judgment dismissing the
petition, from which the petitioner, on the granting of
certification, appealed to this court. *Affirmed.*

*Vishal K. Garg*, for the appellant (petitioner).

*Matthew A. Weiner*, assistant state's attorney, with
whom, on the brief, was *Matthew C. Gedansky*, state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. General Statutes § 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus, other than an application pursuant to subdivision (2) of this subsection, shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question *is claimed to be illegally confined or deprived of such person's liberty.*"[1] (Emphasis added.) Our Supreme Court has concluded "that the custody requirement of § 52-466 is jurisdictional because the history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 697, 6 A.3d 52 (2010).

The petitioner, Momodou Lamin Jobe, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus,[2] following the court's granting his petition for certification to appeal. On appeal, the petitioner claims that the habeas court improperly determined that it lacked jurisdiction to consider the merits of his claim under *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). The respondent, the Commissioner of Correction, concedes that the habeas court improperly dismissed the petition for a writ of habeas corpus pursuant to *Padilla*, but contends that the judgment of dismissal may be affirmed on the alternate ground that the petitioner failed to allege that he was in custody at the time he filed his petition. We affirm the judgment of dismissal on the basis of the respondent's alternate ground.[3]

"[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 533, 911 A.2d 712 (2006). The determination of whether the habeas court had subject matter jurisdiction is a question of law and this court's review is plenary. *Richardson* v. *Commissioner of Correction*, supra, 298 Conn. 696.

In his petition for a writ of habeas corpus, the petitioner alleged that he was arrested on September 10, 2009, and that he pleaded guilty to the crimes charged on January 5, 2010.[4] He also alleged that on January 5, 2010, he received a total effective sentence of eleven months incarceration, execution suspended, and two years of conditional discharge. The petitioner filed a petition for a writ of habeas corpus on August 12, 2016. The petition, therefore, was filed more than two years

after he was sentenced and was not in custody at that time.

During oral argument, counsel for the petitioner acknowledged that the only way the petitioner could have been in custody at the time that he filed his petition was if a warrant had been issued for violation of his conditional discharge. Counsel conceded that absent such a warrant, the habeas court would not have subject matter jurisdiction over his petition. We asked counsel for the parties if they knew whether a warrant had been issued for the petitioner for violation of his conditional discharge. Following oral argument, counsel for the parties signed and submitted a letter to the court stating that they had searched relevant bases of information and found no evidence that a warrant had been issued for the petitioner for violation of his conditional discharge. The petitioner, as his counsel conceded, was not in custody pursuant to § 52-466 (a) (1) at the time he filed his petition for a writ of habeas corpus. The habeas court, therefore, lacked jurisdiction to adjudicate the merits of the petition for a writ of habeas corpus.[5]

The judgment is affirmed.

[1] General Statutes § 52-466 (a) (2) pertains to an application for a writ of habeas corpus "made by or on behalf of an inmate or prisoner confined in a correctional facility as a result of a conviction of a crime . . . ."

[2] The habeas court dismissed the petition pursuant to Practice Book § 23-29 (1), which provides in relevant part that "[t]he judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction . . . ."

[3] An appellate court may affirm the judgment of the trial court although it may have been grounded on a wrong reason. See *Geremia* v. *Geremia*, 159 Conn. App. 751, 779, 125 A.3d 549 (2015); see also Practice Book § 10-33. Because we conclude that the habeas court lacked subject matter jurisdiction, we need not reach the merits of the petitioner's claim on appeal.

[4] The record discloses that the petitioner pleaded guilty to one count of illegal possession of less than four ounces of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c) and one count of illegal sale of a record or tape in violation of General Statutes § 53-142c.

[5] In his reply brief, the petitioner asks us to adopt an expansive definition of the word *custody*. We decline to review claims raised for the first time in a reply brief. See *State* v. *Myers*, 178 Conn. App. 102, 107, 174 A.3d 197 (2017).