STATE OF CONNECTICUT *v.* JOSE O. GUERRA
(AC 32686)

Gruendel, Alvord and Flynn, Js.

Argued September 21—officially released November 8, 2011

*A. Manuel Nieves*, with whom was *Kai W. De Graaf*, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Deborah Mabbett*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Jose O. Guerra, appeals from the judgment of the trial court dismissing his motion to vacate his guilty plea. He claims that the court improperly concluded that it lacked jurisdiction to consider the merits of that motion. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The defendant is a citizen of Guatemala who was involved in a physical altercation outside of a bar in Danbury on August 24, 2002. He thereafter was charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (4). Pursuant to a plea agreement, the defendant on March 17, 2003, pleaded guilty to that count. At that time, the court canvassed the defendant

concerning his plea, during which the defendant indicated that he had been provided enough time to talk to his trial counsel about both his case and his decision to accept the plea offer. When asked by the court if he was satisfied with his counsel's representation in this proceeding, the defendant answered, "Absolutely. Yes." The court later stated: "You should also be aware of the fact if you're not a citizen of the United States, conviction of the offenses with which you have been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization, all pursuant to the laws of the United States of America. Do you understand that?" The defendant responded affirmatively. Following the canvass, the court accepted the plea as "knowingly and voluntarily made with the assistance of competent counsel . . . ."

The matter was continued to March 27, 2003, to afford the victim of the assault the opportunity to review the terms of the plea. At the outset of the proceeding on that date, counsel for the defendant stated to the court: "Your Honor, only just for the record, I would indicate that I've spoken to [the defendant]. I've gone over with him for the second time any possible immigration problems that he might have. He understands them as it was treated at the canvass . . . ." The court asked the defendant if he wanted to speak, to which the defendant replied, "No, the only thing I got to say is sorry . . . for everything." The court then sentenced the defendant, consistent with the terms of his plea agreement, to five years incarceration, execution suspended, and five years of probation.[1]

More than seven years later, the defendant filed a motion to vacate that plea, arguing that his trial counsel

---

[1] As the court noted in its canvass of the defendant, the crime of assault in the first degree is a class B felony, punishable by a maximum sentence of twenty years incarceration. See General Statutes §§ 53a-59 (b) and 53a-35a.

had not explained to him the possible adverse immigration consequences of his plea. On August 24, 2010, the court dismissed the motion for lack of subject matter jurisdiction. From that judgment, the defendant appeals.

The issue before us is whether the court possessed subject matter jurisdiction to consider the defendant's motion to vacate his plea. Our review thereof is plenary. *State* v. *DeVivo*, 106 Conn. App. 641, 644, 942 A.2d 1066 (2008).

It is well established that "the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001). Likewise, Practice Book § 39-26 provides in relevant part that "[a] defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed." As our Supreme Court recently reiterated, "once a defendant's sentence is executed, the trial court lacks jurisdiction to entertain any claims regarding the validity of that plea in the absence of a statute or rule of practice to the contrary." *State* v. *Das*, 291 Conn. 356, 368, 968 A.2d 367 (2009).

The defendant contends that General Statutes § 54-1j confers jurisdiction on the court to vacate his plea given his claim that trial counsel did not explain to him the possible adverse immigration consequences of his plea. He misconstrues that statute.

Section 54-1j (a) provides that the trial court "shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines

that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from readmission to the United States or denial of naturalization, pursuant to the laws of the United States. If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea." Only when "the court fails to address the defendant personally and determine that the defendant fully understands the possible consequences of the defendant's plea, as required in subsection (a) of this section, and the defendant not later than three years after the acceptance of the plea shows that the defendant's plea and conviction may have one of the enumerated consequences" may the court "vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." General Statutes § 54-1j (c). That essential prerequisite is lacking in this case, as it is undisputed that the court, in its canvass of the defendant on March 17, 2003, complied with the mandate of § 54-1j (a).

The defendant nevertheless maintains that "although the record demonstrates that the trial court complied with the required § 54-1j statutory warning measures, the law of *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), renders such compliance insufficient as a matter of law." We find that claim perplexing, as *Padilla* addressed "whether, as a matter of federal law, [the petitioner's] *counsel* had an obligation to advise [the client] that the offense to which he was pleading guilty would result in his removal from this country." (Emphasis added.) Id., 360. The United States Supreme Court held that the sixth amendment right to competent counsel requires "that counsel must

inform her client whether his plea carries a risk of deportation." Id., 374. *Padilla* concerns the conduct of counsel and places no obligation on the trial court to so advise a litigant before it. Moreover, *Padilla* does not confer on our trial courts the authority to grant a postsentencing motion to vacate a plea due to allegedly ineffective assistance of counsel. As this court noted only months ago, "[n]othing in the holding of *Padilla* confers jurisdiction on a state trial court to entertain late motions to open judgments postsentencing or to entertain late motions for relief from judgment. The court merely defined the scope of a substantive constitutional right—the right to effective assistance of counsel." *State* v. *Alegrand*, 130 Conn. App. 652, 668, 23 A.3d 1250 (2011). Under Connecticut law, "[a] claim of ineffective assistance of counsel does not provide a statutory or constitutional basis for the court's jurisdiction to vacate a plea or a conviction." Id.

Furthermore, the defendant failed to move to vacate his plea within three years after the acceptance thereof, as plainly and unambiguously required by § 54-1j (c).[2] Rather, he filed that motion more than seven years later.

---

[2] The defendant has provided no statutory analysis and relies solely on *State* v. *Parra*, 251 Conn. 617, 741 A.2d 902 (1999), to support his assertion that the three year statute of limitations set forth in § 54-1j (c) is "merely intended to limit the mandatory reopening to a window of three years . . . *not* to foreclose reopening of *compelling* cases which are filed beyond three years after the plea is entered." (Emphasis in original.) We disagree. The issue in *Parra* was "whether Public Acts 1997, No. 97-256, § 6 (P.A. 97-256), which amended General Statutes § 54-1j by, inter alia, limiting the time within which a defendant may move to vacate a judgment and withdraw a plea, should be applied retroactively . . . ." *State* v. *Parra*, supra, 619–20. The court answered that query in the affirmative. It continued: "[B]ecause the defendant's motion to vacate the judgment and withdraw his plea was filed six years after the judgment was rendered, his motion is barred by the three year statute of limitations [contained in § 54-1j (c)]." Id., 620. That our Supreme Court neither considered whether the defendant in *Parra* presented a "compelling case" nor remanded the matter to the trial court for such a determination undermines the defendant's reliance on that case to support his assertion.

Accordingly, it is barred by the statute of limitations set forth in § 54-1j (c). See *State* v. *Parra*, 251 Conn. 617, 620, 741 A.2d 902 (1999); *State* v. *Alegrand,* supra, 130 Conn. App. 665 ("recognizing the need to have some finality to criminal judgments, the legislature [in § 54-1j (c)] provided that a defendant may withdraw his plea not later than three years after making it").

Under our rules of practice and well established law, a defendant may not withdraw his plea after the conclusion of the sentencing proceeding, as "once a defendant's sentence is executed, the trial court lacks jurisdiction to entertain any claims regarding the validity of that plea in the absence of a statute or rule of practice to the contrary." *State* v. *Das,* supra, 291 Conn. 368; see also Practice Book § 39-26. In light of the foregoing, we conclude that the court properly determined that it lacked jurisdiction to consider the merits of the defendant's motion.

The judgment is affirmed.

In this opinion the other judges concurred.