******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOSE GUERRA *v.* STATE OF CONNECTICUT
(AC 34876)

Beach, Bear and Sheldon, Js.*

*Argued March 20—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Danbury, Pavia, J.)

*Kai W. De Graaf*, pro hac vice, and *A. Manuel Nieves*,
for the appellant (petitioner).

*Matthew A. Weiner*, deputy assistant state's attorney,
with whom, on the brief, were *Stephen J. Sedensky
III*, state's attorney, and *Emily Graner Sexton*, special
deputy assistant state's attorney, for the appellee
(state).

*Opinion*

SHELDON, J. The petitioner, Jose Guerra, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus for lack of subject matter jurisdiction on the ground that he was no longer in custody pursuant to his challenged judgment of conviction at the time he filed his petition. For the following reasons, we disagree, and thus affirm the judgment of the habeas court.

The petitioner's claim before the habeas court was that he was not provided with effective assistance of counsel in connection with his plea of guilty to the charge of assault in the first degree in violation of General Statutes § 53a-59 (a) (4). He claims, in particular, that his defense lawyer rendered ineffective assistance in connection with the guilty plea by failing to advise him adequately of the immigration consequences of the plea and resulting conviction, more particularly, that he was nearly certain to be deported as a result of that plea and conviction.[1]

This case arises against the background of the following factual and procedural history, as previously described by this court in affirming the dismissal of the petitioner's earlier motion to vacate his challenged conviction. "The [petitioner] is a citizen of Guatemala who was involved in a physical altercation outside of a bar in Danbury on August 24, 2002. He thereafter was charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (4). Pursuant to a plea agreement, the [petitioner] on March 17, 2003, pleaded guilty to that count. At that time, the court canvassed the [petitioner] concerning his plea, during which the [petitioner] indicated that he had been provided enough time to talk to his trial counsel about both his case and his decision to accept the plea offer. When asked by the court if he was satisfied with his counsel's representation in this proceeding, the [petitioner] answered, 'Absolutely. Yes.' The court later stated: 'You should also be aware of the fact if you're not a citizen of the United States, conviction of the offenses with which you have been charged may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization, all pursuant to the laws of the United States of America. Do you understand that?' The [petitioner] responded affirmatively. Following the canvass, the court accepted the plea as 'knowingly and voluntarily made with the assistance of competent counsel . . . .'

"The matter was continued to March 27, 2003, to afford the victim of the assault the opportunity to review the terms of the plea. At the outset of the proceeding on that date, counsel for the [petitioner] stated to the court: 'Your Honor, only just for the record, I would indicate that I've spoken to [the petitioner]. I've gone

over with him for the second time any possible immigration problems that he might have. He understands them as it was treated at the canvass . . . .' The court asked the [petitioner] if he wanted to speak, to which the [petitioner] replied, 'No, the only thing I got to say is sorry . . . for everything.' The court then sentenced the [petitioner], consistent with the terms of his plea agreement, to five years' incarceration, execution suspended, and five years of probation." *State* v. *Guerra*, 132 Conn. App. 62, 63–64, 31 A.3d 68 (2011), cert. denied, 303 Conn. 923, 34 A.3d 395 (2012). The petitioner began serving his five year term of probation on March 27, 2003, and completed his probation on March 27, 2008.

On November 30, 2011, the petitioner filed the present petition for a writ of habeas corpus, alleging ineffective assistance of counsel, as aforesaid, in connection with his guilty plea to assault in the first degree. On June 20, 2012, the habeas court dismissed his petition, ruling, under *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 540–41, 911 A.2d 712 (2006), that the court lacked subject matter jurisdiction over the petition because the petitioner was no longer "in custody" pursuant to his challenged conviction at the time he filed his petition, as required by General Statutes § 52-466.[2] On July 10, 2012, the court granted the petition for certification to file the present appeal.

On appeal, the petitioner claims that, in light of the United States Supreme Court's recent decision in *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), the habeas court improperly dismissed his petition for lack of subject matter jurisdiction on the ground that he was no longer in custody on his challenged conviction at the time he filed his petition. *Padilla* held that before an alien criminal defendant pleads guilty to a criminal offense for which he is subject to deportation, his defense attorney must advise him of the deportation consequences of his plea and resulting conviction. On that score, the Supreme Court concluded that because deportation is such a great, life-altering consequence of a criminal conviction, an alien defendant's plea of guilty to a deportable offense without knowledge of that consequence cannot be considered a knowing and intelligent waiver of his right not to be convicted of that offense unless his guilt is established beyond a reasonable doubt at a full, fair adversary trial.[3] The petitioner claims not only that his trial counsel was ineffective, under the rule of *Padilla*, in failing to advise him properly of the deportation consequences of the guilty plea to assault in the first degree, but that the logic of that rule supports his right to seek habeas corpus relief from the conviction of an offense that could result in deportation, whether or not he is still in formal custody pursuant to his conviction for that offense, as long as he remains exposed to deportation by reason of that conviction. On that basis, the petitioner argues that the habeas court's dismissal of

his petition for lack of subject matter jurisdiction on the ground that he was no longer "in custody" when he filed his petition was incorrect as a matter of law.

The state argues, in response to the foregoing claims, that the petitioner has misconstrued *Padilla* and misapplied its holding to this case. On the question of jurisdiction, it argues, as a threshold matter, that *Padilla* did not even address, much less attempt to alter or eliminate, the custodial requirement for the exercise of habeas corpus jurisdiction. Hence, it claims, although the court in *Padilla* recognized that an alien defendant's exposure to deportation as a result of a criminal conviction is such a significant consequence of a criminal conviction as to require defense counsel to warn him of such exposure before he pleads guilty to an offense that could result in deportation, it did not hold that a defendant who is exposed to deportation by reason of such a conviction thereby remains in custody, for the purpose of invoking habeas corpus jurisdiction, even after his sentence has expired. On the merits of the petitioner's claim, moreover, the state argues both that *Padilla*, which was decided after the petitioner's challenged guilty plea was entered, has been held not to apply retroactively[4] and that even if it did apply retroactively, the record before the habeas court clearly shows that the petitioner was advised properly about the deportation consequences of his challenged plea. We agree with the state on its jurisdictional challenge, and thus affirm the judgment of the habeas court without reaching the merits of the petitioner's constitutional challenge to his plea.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . Indeed, [i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Citations omitted; internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 532–33.

"Subject matter jurisdiction for adjudicating habeas petitions is conferred on the Superior Court by General Statutes § 52-466, which gives it the authority to hear those petitions that allege illegal confinement or deprivation of liberty." (Footnote omitted.) *Abed* v. *Commissioner of Correction*, 43 Conn. App. 176, 179, 682 A.2d

558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996). Our Supreme Court, in *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 526, 876 A.2d 1178 (2005), noted that "the history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody." In order to satisfy the custody requirement of § 52-466, the petitioner must "be in custody on the conviction under attack at the time the habeas petition is filed . . . ." *McCarthy* v. *Commissioner of Correction*, 274 Conn. 557, 562, 877 A.2d 758 (2005). "[A] petitioner whose conviction has expired fully prior to the filing of a habeas petition is not in 'custody' on that conviction within the meaning of § 52-466, despite the alleged existence of collateral consequences flowing from that conviction." *Lebron* v. *Commissioner of Correction*, supra, 530.

Contrary to the petitioner's argument that the habeas court's dismissal of his petition was incorrect as a matter of law in light of the holding in *Padilla*, that case did not even address, much less alter or eliminate, the requirement of custody for invoking habeas corpus jurisdiction. Nor did it address, much less liberalize, the rule that collateral consequences of a conviction, however significant or substantial, are insufficient to satisfy the custodial requirement. Accordingly, our jurisprudence still requires, as our Supreme Court declared in *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 538, that for a petitioner to invoke the subject matter jurisdiction of the habeas court over a challenged criminal conviction, he must still be in custody pursuant to that conviction, "suffer[ing] [a] present restraint [there]from," at the time he files his petition. Id. ("Although the custody requirement has been construed liberally . . . it has never been extended to the situation where a habeas petitioner *suffers no present restraint from a conviction.* . . . Such an interpretation would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time through a state petition for habeas corpus and would read the in custody requirement out of the statute." [Emphasis in original; footnote omitted; internal quotation marks omitted.]).

Because *Padilla* did not eliminate the custodial requirement for habeas corpus jurisdiction, we turn to whether the petitioner has satisfied this requirement.[5] We conclude that he has not.[6] The petitioner ceased suffering any present restraint from his challenged conviction, and thus was no longer in custody pursuant thereto, when his sentence expired upon the completion of his probation on March 27, 2008. The petitioner, however, did not file his petition for a writ of habeas corpus until more than three years later, on November 30, 2011. The fact that the petitioner, a citizen of Guatemala, still was exposed to deportation proceedings as

a result of his challenged conviction at the time he filed his petition did not render him in custody pursuant to that conviction for the purposes of establishing the jurisdiction of the habeas court. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng* v. *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 530 ("our courts have never held that the collateral consequences of a conviction that expired *before the habeas petition was filed* are sufficient to render a petitioner in 'custody' on the expired conviction within the meaning of § 52-466 and, thus, to invoke the subject matter jurisdiction of the court as an initial matter" [emphasis in original]). "Simply stated, the collateral consequences of the petitioner's expired convictions, although severe, are insufficient to render the petitioner in custody on those convictions and, therefore, to invoke the jurisdiction of the habeas court." *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 541.[7]

Because the petitioner's sentence had been served fully by the time his petition was filed, the habeas court properly concluded that the petitioner was not in custody at that time, within the meaning of § 52-466, and thus dismissed his petition for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 53a-59 (a) (4) provides in relevant part: "A person is guilty of assault in the first degree when . . . (4) with intent to cause serious physical injury to another person and while aided by two or more other persons actually present, he causes such injury to such person or to a third person . . . ."

Violation of § 53a-59 (a) (4) is a class B felony and, thus, the petitioner was subject to a maximum sentence of not less than one year imprisonment nor more than twenty years imprisonment, and a fine in an amount not to exceed fifteen thousand dollars. The plea agreement pursuant to which the petitioner was sentenced provided for five years of incarceration, execution suspended, and five years of probation. Considering the exposure to a lengthy sentence and a substantial fine, it is clear that the plea agreement would have been extremely attractive to any defendant even with the possibility, ultimately, of deportation.

[2] General Statutes § 52-466 (a) (1) provides in relevant part: "An application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty."

[3] The United States Supreme Court in *Padilla* v. *Kentucky*, supra, 559 U.S. 366, held "that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel," and thus before an alien criminal defendant pleads guilty to a charged offense, his attorney must advise him of the potential deportation consequences of his plea and resulting conviction. It went on to explain that "deportation is a particularly severe penalty . . . but it is not, in a strict sense, a criminal sanction. Although removal proceedings are civil in nature . . . deportation is nevertheless intimately related to the criminal process. Our law has enmeshed

criminal convictions and the penalty of deportation for nearly a century . . . . And, importantly, recent changes in our immigration law have made removal nearly an automatic result for a broad class of noncitizen offenders. Thus, we find it most difficult to divorce the penalty from the conviction in the deportation context. . . . Moreover, we are quite confident that noncitizen defendants facing a risk of deportation for a particular offense find it even more difficult." (Citations omitted; internal quotation marks omitted.) Id., 365–66.

[4] See *Chaidez* v. *United States*, U.S. , 133 S. Ct. 1103, 1107–13, 185 L. Ed. 2d 149 (2013) (*Padilla* does not apply retroactively to petitioners whose convictions had become final by time *Padilla* decision was announced).

[5] Even if we had concluded that the habeas court had jurisdiction over the petitioner's habeas action, his claim that the holding of *Padilla* would permit him to prevail on the merits of his claim is unsupported by the United States Supreme Court's more recent decision in *Chaidez* v. *United States*, U.S. , 133 S. Ct. 1103, 1107–13, 185 L. Ed. 2d 149 (2013). The Supreme Court in *Chaidez* held that the holding of *Padilla* does not apply retroactively to petitioners whose convictions had become final by the time the *Padilla* decision was announced on March 31, 2010. Id., 1107.

[6] Nowhere in the petitioner's brief does he dispute the fact that he was not in the custody of or restrained by the state in connection with his challenged conviction at the time he filed his petition.

[7] In support of the merits of his claim on appeal, the petitioner argues that *Padilla* eliminated the distinction between direct and collateral consequences of an alien defendant's criminal conviction by applying the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to resolve ineffective assistance of counsel claims asserted by petitioners whose guilty pleas resulted in deportation. Under *Strickland*, to establish ineffective assistance of counsel, counsel's representation must fall "below an objective standard of reasonableness"; id., 688; and there also must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 694. He claims that the record shows that the ineffective assistance of his counsel satisfies both prongs of *Strickland* and warrants reversal of the habeas court's dismissal of his petition for a writ of habeas corpus and a remand of the case to the habeas court for adjudication of the merits of his petition. Because we do not reach the merits of the petitioner's claim we need not consider whether the distinction between collateral and direct consequences is applicable to the determination of whether counsel was ineffective in failing to advise the petitioner of the potential deportation consequences of the conviction.